**IN UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| MARGARET WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:07cv1108-MHT |
| | ) | Removed from the Circuit Court of |
| | ) | Geneva County, CV-07-114M |
| WAL-MART STORES, INC., ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

<u>AMENDED NOTICE OF REMOVAL</u>

TO:   THE UNITED STATES DISTRICT COURT
      MIDDLE DISTRICT OF ALABAMA
      SOUTHERN DIVISION

Defendant, WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as "Wal-Mart Stores, Inc.," gives notice pursuant to 28 U.S.C. § 1441 and 1446 that this cause is hereby removed from the Circuit Court of Geneva County, Alabama, to the United States District Court for the Middle District of Alabama, Southern Division.  As grounds for this removal, Defendant shows as follows:

1.    An action was commenced against Defendant in the Circuit Court of Geneva County, Alabama, entitled "*Margaret Williams, Plaintiff v. Wal-Mart Stores, Inc., Defendants,*" Civil Action No. CV-07-114M.  The documents attached hereto as Exhibit "A" constitute all of the process, pleadings, and orders served upon Defendant in this action.

2.    According to the Circuit Clerk's office for the Circuit Court of Geneva County, Alabama, service of the initial pleading setting forth Plaintiff's claim for relief

was effected upon Wal-Mart on September 11, 2007, which was Defendant's first actual notice of this action.

3.    This notice of removal is filed in the United States District Court for the Middle District of Alabama, Southern Division, within 30 days after the receipt by Wal-Mart of "other paper" from which it was first ascertainable that the case was or had become removable in accordance with 28 U.S.C. § 1446 (b).  The Circuit Court of Geneva County, Alabama, is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) & (b).

4.    This court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.    Plaintiff is now and at all times material hereto, including at the time of the commencement of this action and this Notice of Removal, a citizen of the state of Florida.  Plaintiff is a resident of and domiciled in Westville, Holmes County, Florida. (Complaint, ¶ 2.)  Defendant Wal-Mart is now, and was at the time of the commencement of this action, a limited partnership incorporated under the laws of the state of Delaware with its principal place of business in the state of Arkansas.  (Answer, ¶ 3.)  WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC is incorporated in Delaware with its principal place of business in Arkansas.  WSE Investment, LLC is incorporated in Delaware with its principal place of business in Arkansas.  The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, Inc., whose

parent company is Wal-Mart Stores, Inc..  Wal-Mart Stores, Inc. is incorporated in Delaware with its principal place of business in Arkansas.

6.    Plaintiff's Complaint seeks compensatory and punitive damages against the Defendant. (Complaint, ¶ 9.)  Plaintiff alleges that the "negligent and/or wrongful conduct of the Defendants, including fictitious party Defendants, combined and concurred, and as a proximate consequence Plaintiff was injured and damaged as follows:

(a)    Plaintiff was caused to suffer injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture to her right hip at the femoral neck;

(b)    Plaintiff was caused to suffer injuries to her right shoulder; such injury will require surgical intervention;

(c)    Plaintiff was caused and will be caused in the future to suffer physical pain, permanent injury and mental anguish as a result of the injuries she has sustained; and

(d)    Plaintiff was caused to incur medical expenses in and about an effort to cure and treat her injuries…" (Complaint, ¶ 9.)

7.    Although the Complaint does not specify a monetary demand, Plaintiff seeks compensatory and punitive damages in an amount exceeding $75,000.00.  Where a plaintiff fails to specify the total amount of damages demanded, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement.  *Tapscott v. MS Dealer Serv. Corp.*, 77 F. 3d 1353, 1356-57 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F. 3d 1069 (11th Cir. 2000).  The time to

ascertain whether the requisite jurisdictional amount exists is the time the Notice of Removal is filed. *See Ellis v. Logan Co.*, 543 F. Supp. 586 (W.D. Ky. 1982).

9.     At the outset of this matter, Wal-Mart served Plaintiff with discovery consisting of Requests for Admission, Interrogatories, and Requests for Production directed toward the amount in controversy at issue in this matter. In response to said discovery, received by Wal-Mart on or around November 21, 2007, Plaintiff denies that the amount in controversy is less than $75,000.00, she denies that she is not seeking more than $75,000.00 and she denies that she will request a judge or jury to return a verdict for less than $75,000.00 in the event of a trial of this matter. (Def. 2d Set Disc., attached as Exhibit "B," and Pl. Resp. 2d Set Disc., attached as Exhibit "C.") Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See, e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996), *overruled on other grounds by Cohen v. Office Depot, Inc.,* 204 F. 3d 1069 (11th Cir. 2000) (when plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Company*, 486 F. Supp. 175, 177 (N.D. Ga. 1980)("It is clear that in determining the jurisdictional amount in controversy, punitive damages are counted.") *citing Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S. Ct. 5 (1943).

9.     This action may be removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which the United States District Courts have original jurisdiction under 28 U.S.C. § 1332.

10.     Pursuant to 28 U.S.C. §1446 (d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Geneva County, Alabama, and a written notice of this removal has been served on all adverse parties as required by law.

11.     If any questions arise as to the propriety of the removal of this action, the removing Defendants request the opportunity to present a brief and oral argument in support of its position that this cause is removable.

/s/ Jennifer A. Doughty
W. PEMBLE DELASHMET   (DELAW0873)
CHAD C. MARCHAND      (MARCC5089)
JENNIFER A. DOUGHTY    (DOUGJ5407)
Attorneys for Defendant, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this day January 11, 2008, filed the foregoing with the court using the CM/ECF system, which will send notice to the following counsel of record:

F. Jerome Tapley
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 South Baylen Street
Pensacola, Florida  32502

/s/ Jennifer A. Doughty
OF COUNSEL

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA **FILED IN OFFICE**

MARGARET WILLIAMS,            )
                              )          DEC 1 0 2007
    **Plaintiff,**              )
                              )          *[signature]*
v.                            )          **CLERK**
                              )          CASE NO.: _C D -0 7 - 1/4 M_
WAL-MART STORES, INC.;        )

Defendant(s) A, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which is known and doing business as Wal-Mart Stores, Inc.; Defendant(s) B, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) C, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) D, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) E, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; Defendant(s) F, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which were responsible for maintenance of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) G, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity other than those described above whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; Defendant(s) H, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which is the successor in interest to any of the named parties or fictitious parties described above; and Defendant(s) I, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the predecessor in interest to any of the named parties or fictitious parties described above; Defendant(s) J, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the Plaintiff on the occasion of the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

    **Defendants.**

# EXHIBIT A

1

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff in the above styled cause and as the basis for the relief

hereinafter prayed for, states as follows:

### General and Jurisdictional Allegations

1.      The matter in controversy exceeds the minimum jurisdictional limits of this

Court, exclusive of cost.

2.      The Plaintiff, MARGARET WILLIAMS, is nineteen (19) years of age or

older and is, and at all times material to this action was, a resident of and domiciled in

Westville, Holmes County, Florida.

3.      Upon information and belief, WAL-MART STORES, INC., is an Arkansas

corporation doing business in Geneva County, Alabama.

### COUNT ONE
**(Negligence and/or Wantonness)**

4.      Plaintiffs adopt and re-allege all relevant paragraphs above as if specifically

set out herein and hereby incorporate same by reference.

5.      On or about March 11, 2007, plaintiff, Margaret Williams, was a business

invitee on the premises of the defendant, Wal-Mart Stores, Inc., at Wal-Mart Store No.

1063, 1608 West Magnolia Avenue, Geneva, Alabama 36340.  At said time and place,

Plaintiff was injured when she slipped and fell on what is believed to be water on the floor

at the front of the store.

6.     At the aforesaid time and place, the Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as "Wal-Mart") and one or more of the fictitious party Defendants, A through J, negligently and/or wantonly allowed an unsafe and unreasonably dangerous condition to exist on the premises in that Defendants failed to clean up the substance believed to be water that was left on the floor at the front of the store where Plaintiff was walking therefore creating a dangerous condition for customers.  As a proximate consequence of Defendants' negligence and/or wantonness, plaintiff was caused to be injured and damaged as described herein.

7.     At the aforesaid time and place, the Defendant, Wal-Mart, and one or more of the fictitious party Defendants, A through J, had the duty to keep the premises in a reasonably safe condition and reasonably free from danger for its customers.   The Defendants negligently and/or wantonly breached said duty as stated above and as a proximate consequence Plaintiff was caused to suffer the injuries and damages as described herein.

8.     At the aforesaid time and place, the Defendant, Wal-Mart, and one or more of the fictitious party Defendants, A through J, had the duty to warn Plaintiff and others of dangerous conditions on their premises.   The Defendants negligently and/or wantonly breached said duty by failing to warn Plaintiff of the dangerous condition of the substance that is believed to be water that was left on the floor at the front of the store where Plaintiff was walking and as a proximate consequence Plaintiff was caused to suffer the injuries and damages as described herein.

3

9.      The aforesaid negligent and/or wrongful conduct of the Defendants, including the fictitious party Defendants, combined and concurred, and as a proximate consequence Plaintiff was injured and damaged as follows:

    (a)    Plaintiff was caused to suffer injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture to her right hip at the femoral neck;

    (b)    Plaintiff was caused to suffer injuries to her right shoulder; such injury will require surgical intervention;

    (c)    Plaintiff was caused and will be caused in the future to suffer physical pain, permanent injury and mental anguish as a result of the injuries she has sustained; and

    (d)    Plaintiff was caused to incur medical expenses in and about an effort to cure and treat her injuries;

**WHEREFORE**, Plaintiff seeks damages against the Defendants, including the fictitious defendants, in such sums as the evidence may show and the jury may find, together with costs of this action, for compensatory damages and punitive damages allowed by Alabama law, plus cost of court.

Dated this, the 5ᵗʰ day of December, 2007.

F. Jerome **Tapley** (TAP006)
Levin, Papantonio, Thomas, Mitchell,
    Echsner & Proctor, P.A.
316 South Baylen Street
Post Office Box 12308 (32591)
Pensacola, Florida 32502-5996
(850) 435-7130
(850) 436-6130 (fax)
Attorneys for Plaintiff

**OF COUNSEL:**

William Jemison Mims
Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, P.A.
316 South Baylen Street
Pensacola, Florida 32501
(850) 435-7000
(850) 435-7020 (fax)

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.

Of Counsel

FILED IN OFFICE

DEC 1 0 2007

~~Dale Zaye~~

CLERK

# IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,                )
                                  )
    Plaintiff,            )
                                  )
vs.                               )    CASE NO.: ___CV-07-114 M___
                                  )
WAL-MART STORES, INC., et al.;    )
                                  )
    Defendants.           )

## PLAINTIFF'S SECOND REQUEST FOR PRODUCTION TO WAL-MART STORES, INC.

Comes the Plaintiff, pursuant to the Alabama Rules of Civil Procedure, and requests production of documents and things to Defendant, Wal-Mart Stores, Inc. The documents and things requested include any and all documents and things within your custody, possession, or control and the custody, possession, and control of persons, corporations, or other entities acting on your behalf or under your control. These discovery requests are continuing in character so as to require you to file supplementary responses if you obtain additional or different information before the trial. Produce the following within the time and in the manner provided by law:

1.    All memoranda, incident reports, statements of witnesses, statements of Plaintiff, correspondence, faxes, emails, investigation reports, lists of witnesses, diary notes, time logs, notes of phone conversations, or other documents pertaining in any way to the Plaintiff's fall in Wal-Mart Store No. 1063, 1608 West Magnolia Avenue, Geneva, Alabama 36340, other than communications with Defendant's attorneys.

1

2.    All drawings, maps, blueprints, surveys or other documents depicting the location within the Store 1063 where the incident involved in this case happened.

3.    All pictures, videos or documents of any type which 1) show the location within Store 1063 where the incident made the basis of this lawsuit occurred; 2) show the aisles of the Store 1063; 3) show the Plaintiff.

4.    All documents, audio, video, or recordings of any type of witnesses' statements, employees' statements, or other recorded matters relating to the incident that is the basis of this lawsuit.

5.    All documents that in any way relate to, refer to, or include the maintenance policies or procedures (including, but not limited to, cleaning logs, employee manuals, memoranda, instructions, and directives) for the retail area of the Store 1063 where the incident occurred.

6.    All documents that in any way relate to the policies or procedures regarding slip-and-fall and trip and fall injuries to be followed by the Defendant's employees at the time of the incident.

7.    All employee training documents or videos used by the Defendant at Store 1063 (including, but not limited to, employment manuals, films, videotapes, and audio/visual materials) for the five years preceding March 11, 2007.

8.    Any contracts or agreements with a third party or parties (including, but not limited to, maintenance companies and cleaning companies) for the maintenance of the floor where the incident occurred.

9.     All film, videotape, video recording discs, or other items used by the surveillance cameras to record the happenings at the location of the incident for the period of time beginning at 8:00 a.m. and ending at 11:59 p.m. on March 11, 2007.

10.    For each and every occurrence within the five years immediately preceding March 11, 2007, in which an individual has fallen in a Wal-Mart store, within the State of Alabama, please provide documentation which provides the following information: (This information may be provided by any commonly used computer system such as CD or DVD)

a)     Date of incident;

b)     Claim or incident number;

c)     Store name, address, and number;

d)     Name and reported address of person who fell;

e)     Description of the incident or claim;

f)     For all incidents in which lawsuits were filed, state the style of the case, the case number, the county if filed in state court, or the federal court district and division.

11.    For each and every occurrence within the five years immediately preceding March 11, 2007, in which an individual has fallen in a Wal-Mart Store 1063, please provide documentation which provides the following information: (This information may be provided by any commonly used computer system such as CD or DVD)

a)     Date of incident;

b)     Claim or incident number;

c)     Store name, address, and number;

d)      Name and reported address of person who fell;

e)      Description of the incident or claim;

f)      For all incidents in which lawsuits were filed, state the style of the case, the

case number, the county if filed in state court, or the federal court district and division.

12.      Please provide copies of any and all film, videotape, disc, or other items

recording the incident, which is the basis of this lawsuit.

13.      Any and all invoices dated March 11, 2007 and one week prior

documenting the delivery of ice to Wal-Mart

Dated this, the _5th_ day of December, 2007.


F. Jerome Tapley (TAP006)
Levin, Papantonio, Thomas, Mitchell,
    Echsner & Proctor, P.A.
316 South Baylen Street
Suite 600
Post Office Box 12308 (32951)
Pensacola, Florida 32502-5996
(850) 435-7130
(850) 436-6130 (fax)
Attorneys for Plaintiff

4

**IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA**

FILED IN OFFICE

DEC 10 2007

~Dale Lay J.~

CLERK

| | | |
|---|---|---|
| MARGARET WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: _CV-07-114 M_ |
| | ) | |
| WAL-MART STORES, INC., et al.; | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF SERVICE OF PLAINTIFF'S SECOND INTERROGATORIES TO WAL-MART STORES, INC.

I HERBY CERTIFY that the original and one copy of Plaintiff's Second

Interrogatories to Defendant, to Wal-Mart Stores, Inc., together with a copy of this Notice

has been provided to W. Pemble Delashmet, Chad C. Marchand, Delashmet & Marchand,

P.C., Post Office Box 2047, Mobile, AL  36652 on this 5th day of December 2007.

F. Jerome Tapley (TAP006)
Levin, Papantonio, Thomas, Mithcell,
    Echsner & Proctor, P.A.
316 South Baylen Street
Suite 600
Post Office Box 12308 (32591)
Pensacola, Florida 32502-5996
(850) 435-7130
(850) 436-6130 (fax)
Attorneys for Plaintiff

1

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,          )

         )

      Plaintiff,       )     **CASE NO.  CV-07-114M**

         )

vs.             )     **FILED IN OFFICE**

         )

WAL-MART STORES, INC., L.P.,    )     DEC 1 0 2007

         )     *Dale Layer*

      Defendant.     )        CLERK

---

### NOTICE OF SERVICE OF PLAINTIFF'S RESPONSE TO
### SECOND SET OF DISCOVERY

    COMES NOW Plaintiff, Margaret Williams, by and through undersigned counsel and files

responses to Defendant's, Wal-Mart Stores, Inc., L.P., Second Set of Discovery.

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to the

individuals listed below on this ___5th___ day of December, 2007, by regular U.S. Mail.

W. Pemble Delashmet
Chad C. Marchand
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652
*(Counsel for Wal-Mart Stores, Inc., L.P.)*

                            F. Jerome Tapley (TAP006)
                            Levin Papantonio, et al.
                            316 S. Baylen Street
                            Suite 6
                            Pensacola, FL 32502
                            (850) 435-7198 phone
                            (850) 435-7004 facsimile

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,    )

      Plaintiff,    )    CASE NO.  CV-07-114M

                            )

vs.    )    **FILED IN OFFICE**

                            )

WAL-MART STORES, INC., L.P.,    )    NOV 26 2007

                            )    _Dale Day_

      Defendant.    )    CLERK

---

### PLAINTIFF'S  RESPONSE TO DEFENDANT'S
### REQUEST FOR ADMISSIONS

    Plaintiff, Margaret Williams, hereby responds to Defendant's Requests for Admission as

follows:

      1.      Denied.

      2.      Denied.

      3.      Denied.

      4.      Denied.

      5.      Denied.

      6.      Denied.

      7.      Denied.

      8.      Denied.

      9.      Denied.

    10.      Denied.

    11.      Denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to the

individual(s) listed below on this 21st day of November, 2007, by regular U.S. Mail:

W. Pemble Delashmet
Chad C. Marchand
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652
*(Counsel for Wal-Mart Stores, Inc., L.P.)*

_____
F. Jerome Tapley (TAP006)
Levin Papantonio, et al.
316 S. Baylen Street
Suite 6
Pensacola, FL 32502
(850) 435-7198 phone
(850) 435-7004 facsimile

ELECTRONICALLY FILED
11/2/2007 10:32 AM
CV-2007-000114.00
CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA
GALE LAYE, CLERK

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,

     Plaintiff,

vs.                              CASE NO. CV-07-114M

WAL-MART STORES, INC., ET AL.,

     Defendant.

**FILED IN OFFICE**

NOV 0 2 2007

_Dale Laye_
CLERK

### <u>NOTICE OF SERVICE OF DISCOVERY</u>

     In accordance with the Alabama Rules of Civil Procedure, Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") has served plaintiff with the following discovery materials on this the 2nd day of November, 2007.

     1.    Wal-Mart's Responses to Plaintiff's Request for Production.

     2.    Wal-Mart's Responses to Plaintiff's Interrogatories.

                 Respectfully Submitted,

                 /s/ Chad C. Marchand
                 W. PEMBLE DELASHMET     (DEL010)
                 wpd@delmar-law.com
                 CHAD C. MARCHAND       (MAR136)
                 ccm@delmar-law.com
                 JENNIFER A. DOUGHTY    (DOU014)
                 jad@delmar-law.com
                 Attorneys for Defendant, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 2nd day of November, 2007, electronically filed the foregoing with the clerk of the court using the ALACOURT System and have served a copy of the foregoing by electronic filing and/or U.S. Mail to the following counsel of record:

F. Jerome Tapley
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 South Baylen Street
Pensacola, Florida 32502


/s/ Chad C. Marchand
OF COUNSEL

ELECTRONICALLY FILED
11/2/2007 10:29 AM
CV-2007-000114.00
CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA
GALE LAYE, CLERK

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,

    Plaintiff,

vs.                                                CASE NO. CV-07-114M

WAL-MART STORES, INC., ET AL.,

    Defendant.

FILED IN OFFICE

NOV 0 2 2007

CLERK

## NOTICE OF APPEARANCE

COMES NOW, JENNIFER A. DOUGHTY, of the law firm, DeLashmet &

Marchand, P.C. and files her appearance as additional counsel of record for Defendant,

Wal-Mart Stores East, L.P.

/s/ Jennifer A. Doughty

W. PEMBLE DELASHMET    (DEL010)
CHAD C. MARCHAND     (MAR136)
JENNIFER A. DOUGHTY    (DOU014)
Attorneys for Defendant, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day November 2, 2007, served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

F. Jerome Tapley
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 South Baylen Street
Pensacola, Florida 32502

/s/ Jennifer A. Doughty
OF COUNSEL



**LEVIN • PAPANTONIO**
**THOMAS • MITCHELL**
**ECHSNER & PROCTOR • P.A.**
PROFESSIONAL CORPORATION    ATTORNEYS AT LAW

BRIAN H. BARR
M. ROBERT BLANCHARD
VIRGINIA M. BUCHANAN
STEPHEN H. ECHSNER
RACHAEL R. GILMER
PETER L. KAUFMAN
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN
STANLEY B. LEVIN

ROBERT M. LOEHR
MICHAEL B. LYNCH
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS
CLAY MITCHELL
R. LARRY MORRIS
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO
MARK J. PROCTOR
TROY A. RAFFERTY

B. KRISTIAN W. RASMUSSEN, III
MATTHEW D. SCHULTZ
AMANDA SLEVINSKI
MEGHAN M. TANS
F. JEROME TAPLEY
LEO A. THOMAS
LEA MORRIS TURTLE
BRETT VIGODSKY
CHRISTOPHER M. VLACHOS

DAVID H. LEVIN
(1928-2002)

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

W. STEVE BOZEMAN
(LICENSED ONLY IN MISSISSIPPI)

STEVEN A. MEDINA

**FILED IN OFFICE**

October 26, 2007

OCT 29 2007

*Dale Jay*
CLERK

Via Facsimile to: (334) 684-5605

The Honorable P. B. McLaughlin, Jr.
ATTN: CLERK
The Circuit Court of Geneva County, Alabama
P. O. Box 86
Geneva, AL 36340

  *Re:* *Margaret Williams v. Wal-Mart Stores Inc., L. P.*
     *Case No. CV-07-114M*

Dear Judge McLaughlin:

   After conference, the parties write to inform the Court that the above referenced matter is in the preliminary stages of discovery. The parties are not presently able to accurately anticipate the amount of time needed for discovery but should be better positioned to do so in six months.

     Sincerely,

     F. Jerome Tapley

FJT/as

Via Facsimile (251) 433-1578 to:
Chad C. Marchand, Esq.
DeLashmet & Marchand, P.C.

X *Chad C. Marchand* by F.J.T.
  Chad C. Marchand, Esquire



LEVIN · PAPANTONIO
THOMAS · MITCHELL
ECHSNER & PROCTOR · P.A.
PROFESSIONAL CORPORATION  ATTORNEYS AT LAW

BRIAN H. BARR
M. ROBERT BLANCHARD
VIRGINIA M. BUCHANAN
STEPHEN H. ECHSNER
RACHAEL R. GILMER
PETER L. RAUSMAN
KIMBERLY R. LAMBERT
FREDRIC G. LEVIN
MARTIN H. LEVIN
STANLEY B. LEVIN

ROBERT M. LOEHR
MICHAEL R. LYNCH
NEIL E. McWILLIAMS, JR.
Wm. JEMISON MIMS
CLAY MITCHELL
R. LARRY MORRIS
TIMOTHY M. O'BRIEN
MIKE PAPANTONIO
MARK J. PROCTOR
TROY A. RAFFERTY

B. KRISTIAN W. RASMUSSEN, III
MATTHEW D. SCHULTZ
AMANDA SLJSVINSKI
MEGHAN M. TANS
F. JEROME TAPLEY
LEO A. THOMAS
LEA MORRIS TURTLE
BRETT VIOGDSKY
CHRISTOPHER M. VLACHOS

DAVID H. LEVIN
(1928-2002)

OF COUNSEL:
ROBERT F. KENNEDY, JR.
(LICENSED ONLY IN NEW YORK)

W. STEVE BOZEMAN
(LICENSED ONLY IN MISSISSIPPI)

STEVEN A. MEDINA

October 26, 2007

Via Facsimile to: (334) 684-5605

The Honorable P. B. McLaughlin, Jr.
ATTN: CLERK
The Circuit Court of Geneva County, Alabama
P. O. Box 86
Geneva, AL 36340

     **Re:** *Margaret Williams v. Wal-Mart Stores Inc., L. P.*
       *Case No. CV-07-114M*

Dear Judge McLaughlin:

     After conference, the parties write to inform the Court that the above referenced matter is in the preliminary stages of discovery. The parties are not presently able to accurately anticipate the amount of time needed for discovery but should be better positioned to do so in six months.

               Sincerely,

               F. Jerome Tapley

FJT/as

Via Facsimile (251) 433-1578 to:
Chad C. Marchand, Esq.
DeLashmet & Marchand, P.C.

     X Chad C. Marchand by F.J.T.
     Chad C. Marchand, Esquire

**FILED IN OFFICE**
(on FAX)
OCT 29 2007
CLERK

ELECTRONICALLY FILED
10/10/2007 1:34 PM
CV-2007-000114.00
CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA
GALE LAYE, CLERK

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | | |
|---|---|---|
| MARGARET WILLIAMS, | * | |
| Plaintiff, | * | |
| vs. | * | CASE NO. CV-07-114M |
| WAL-MART STORES INC., L.P., | * | **FILED IN OFFICE** |
| Defendant. | * | |

OCT 1 0 2007

*signature*

CLERK

### NOTICE OF SERVICE OF DISCOVERY

In accordance with the Alabama Rules of Civil Procedure, Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") has served plaintiff with the following discovery materials on this the 10th day of October, 2007.

1.    Wal-Mart's First Set of Interrogatories and Requests for Production to Plaintiff.

2.    Wal-Mart's Second Set of Discovery to Plaintiff.

3.    Notice of Deposition of Plaintiff.

Respectfully submitted,

/s/Chad C. Marchand
W. PEMBLE DELASHMET    (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND    (MAR136)
ccm@delmar-law.com
Attorneys for Defendant Wal-Mart Stores
East, L.P.

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:     (251) 433-1578

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of October, 2007, electronically filed the foregoing with the clerk of the court using the ALACOURT System and have served a copy of the foregoing by electronic filing and/or U.S. Mail to the following counsel of record:

F. Jerome Tapley
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 South Baylen Street
Pensacola, Florida 32502

/s/ Chad C. Marchand
OF COUNSEL

2

ELECTRONICALLY FILED
10/10/2007 1:31 PM
CV-2007-000114.00
CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA
GALE LAYE, CLERK

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,                         *

     Plaintiff,                              *

vs.                                        *          CASE NO. CV-07-114M

WAL-MART STORES INC., L.P.,                *

     Defendant.                              *

FILED IN OFFICE

OCT 1 0 2007

*(signature)*
CLERK

### ANSWER

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart") answers Plaintiff's Complaint as follows with each number paragraph corresponding to the numbered paragraphs of Plaintiff's Complaint:

    1.    Wal-Mart is without knowledge and information sufficient to form a belief as to the "matter" in controversy and whether it exceeds the jurisdictional limits of this Court and, therefore, must deny the same.

    2.    As this paragraph refers to the residency of the Plaintiff, it requires no response from Wal-Mart. Inasmuch as the allegations contained in this paragraph may be construed to assert allegations against Wal-Mart, the same are denied and strict proof thereof is demanded.

    3.    Wal-Mart admits that it is a Delaware limited partnership with is principal place of business in Arkansas. Wal-Mart admits that it operates stores throughout the State of Alabama and within Geneva County.

### COUNT ONE
#### (Negligence and/or Wantonness)

    4.    Wal-Mart adopts and incorporates the preceding paragraphs as if they are set forth fully herein.

5.      Wal-Mart admits that Margaret Williams was on its premises at Wal-Mart Store #1063, located in Geneva, Alabama, on or about March 3, 2007.  As to the remaining portions of this paragraph, Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations and, therefore, must deny the same and demand strict proof thereof.

6.      Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.  As to the portions of this paragraph which refer to fictitious defendants, no response from Wal-Mart is required.  Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart the same are denied and strict proof thereof is demanded.

7.      Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.  As to the portions of this paragraph which refer to fictitious defendants, no response from Wal-Mart is required. Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart the same are denied and strict proof thereof is demanded.

8.      Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.  As to the portions of this paragraph which refer to fictitious defendants, no response from Wal-Mart is required. Inasmuch as the allegations of this paragraph may be construed to assert allegations against Wal-Mart the same are denied and strict proof thereof is demanded.

9.      Wal-Mart is without knowledge and information sufficient to form a belief as to the plaintiff's medical condition and, therefore, must deny the same.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against this defendant.

2.    Defendants deny each and every material allegation of Plaintiff's Complaint and demand strict proof thereof.

3.    Plaintiff was guilty of negligence that contributed to cause the injuries about which she complains, and therefore under Alabama law is not entitled to recover any damages.

4.    The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Alabama law.

5.    Defendants did not have notice of the alleged hazard about which Plaintiff complains, and therefore, under Alabama law Defendants owed Plaintiff no duty to eliminate the alleged hazard.

6.    No act or omissions of these defendants were the proximate cause of any injury to Plaintiff.

7.    Defendants owed Plaintiff no duty as alleged.

8.    Plaintiff's claims are precluded by the applicable statute of limitations.

9.    Plaintiff's Complaint is due to be dismissed for improper venue.

10.    Plaintiff's Complaint is due to be dismissed for improper service and/or improper process in violation of Alabama law.

11.    Plaintiff assumed the risk of conditions present and the dangers inherent therein.

3

12.   Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

13.   Wal-Mart had no knowledge of the alleged defect or condition Plaintiff alleges to have been the cause of her injury; therefore, Plaintiff should not recover Defendant.

14.   Defendants respectfully demand credit for any and all monies paid to, or on behalf of, Plaintiff from any and all collateral sources.

15.   The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

16.   The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

17.   Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003).

18.   Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

4

a. It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

b. It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

c. It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d. It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e. It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f. It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g. It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h. It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i. It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j. It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

5

k.  It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l.  It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m.  The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n.  The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o.  The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

19.    The amount of punitive damages (if any) is a question of law, and not a fact question for the jury; accordingly plaintiff's request for a jury trial on that issue is due to be stricken or, in the alternative, the jury verdict is not entitled to any weight or deference whatsoever, pursuant to *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

20.    Defendants reserve the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

DEFENDANTS DEMAND TRIAL BY STRUCK JURY.

6

Respectfully submitted,


/s/ Chad C. Marchand
W. PEMBLE DELASHMET        (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND          (MAR136)
ccm@delmar-law.com
Attorneys for Defendant, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 10th day of October, 2007, electronically filed the foregoing with the clerk of the court using the ALACOURT System and have served a copy of the foregoing by electronic filing and/or U.S. Mail to the following counsel of record:

F. Jerome Tapley
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
316 South Baylen Street
Pensacola, Florida  32502




/s/ Chad C. Marchand
OF COUNSEL

| State of Alabama Unified Judicial System | SUMMONS -CIVIL- | Case Number |
|---|---|---|
| Form C-34    Rev 6/88 | | *CV-07-114 A* |

IN THE _____ CIRCUIT _____ COURT OF _____ GENEVA _____ COUNTY

Plaintiff _____ MARGARET WILLIAMS _____ v. Defendant _____ WAL-MART STORES, INC., et al

NOTICE TO _____ Wal-Mart Stores, Inc., et al, c/o The Corporation Company _____
_____ 2000 Interstate Park Drive, Suite 204, Montgomery, AL 36109 _____

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY _____ F. Jerome Tapley _____ WHOSE ADDRESS IS _____ 316 South Baylen Street _____
_____ Pensacola, FL 32502 _____ .

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN _____ 45 _____ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:**

[ ] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[✓] Service by certified mail of this summons is initiated upon the written request of _____ F. Jerome Tapley, pursuant to the Alabama Rules of Civil Procedure. *w/ Interrogatories / Req for Production*

Date *September 10, 2007*        *Dale Lage*        By: _____
                                 Clerk/Register

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

| | |
|---|---|
| Postage | $ .92 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.72 |

Sent To *Wal-Mart Stores Inc. C/o The Corp Co*
Street, Apt. No.; or PO Box No. *2000 Interstate Park Dr.*
City, State, ZIP+4 *Montgomery, AL 36109*

PS Form 3800, June 2002        See Reverse for...

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
*Wal-Mart Stores, Inc.*
*c/o The Corporation Company*
*2000 Interstate Park Drive*
*Suite 204*
*Montgomery, AL 36109*

2. Article Number *(Transfer from service label)*    7004 2890 0000 4749 3975

PS Form 3811, February 2004        Domestic Return Receipt    *CV-07-114 S/C*    102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *The Corporation Company*        [ ] Agent  [ ] Addressee
B. Received by (Printed Name)    C. Date of Delivery
*The Corporation Company*    *9-11-07*
D. Is delivery address different from item 1?  [ ] Yes
   If YES, enter delivery address below:    [ ] No

3. Service Type
[✓] Certified Mail  [ ] Express Mail
[ ] Registered      [✓] Return Receipt for Merchandise
[ ] Insured Mail    [ ] C.O.D.

4. Restricted Delivery? (Extra Fee)    [ ] Yes

# IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS, )
)
    Plaintiff, )
)
v. )    CASE NO.: _CV-07-114 M_
)
WAL-MART STORES, INC.; )

FILED IN OFFICE

AUG 1 6 2007

CLERK

Defendant(s) A, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which is known and doing business as Wal-Mart Stores, Inc.; Defendant(s) B, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) C, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) D, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) E, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; Defendant(s) F, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which were responsible for maintenance of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) G, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity other than those described above whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; Defendant(s) H, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which is the successor in interest to any of the named parties or fictitious parties described above; and Defendant(s) I, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the predecessor in interest to any of the named parties or fictitious parties described above; Defendant(s) J, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the Plaintiff on the occasion of the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

    Defendants.

1

## COMPLAINT

**COMES NOW** the Plaintiff in the above styled cause and as the basis for the relief

hereinafter prayed for, states as follows:

### General and Jurisdictional Allegations

1.     The matter in controversy exceeds the minimum jurisdictional limits of this

Court, exclusive of cost.

2.     The Plaintiff, MARGARET WILLIAMS, is nineteen (19) years of age or

older and is, and at all times material to this action was, a resident of and domiciled in

Westville, Holmes County, Florida.

3.     Upon information and belief, WAL-MART STORES, INC., is an Arkansas

corporation doing business in Geneva County, Alabama.

### COUNT ONE
### (Negligence and/or Wantonness)

4.     Plaintiffs adopt and re-allege all relevant paragraphs above as if specifically

set out herein and hereby incorporate same by reference.

5.     On or about March 3, 2007, plaintiff, Margaret Williams, was a business

invitee on the premises of the defendant, Wal-Mart Stores, Inc., at Wal-Mart Store No.

1063, 1608 West Magnolia Avenue, Geneva, Alabama 36340.  At said time and place,

Plaintiff was injured when she slipped and fell on what is believed to be water on the floor

at the front of the store.

6.    At the aforesaid time and place, the Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as "Wal-Mart") and one or more of the fictitious party Defendants, A through J, negligently and/or wantonly allowed an unsafe and unreasonably dangerous condition to exist on the premises in that Defendants failed to clean up the substance believed to be water that was left on the floor at the front of the store where Plaintiff was walking therefore creating a dangerous condition for customers.    As a proximate consequence of Defendants' negligence and/or wantonness, plaintiff was caused to be injured and damaged as described herein.

7.    At the aforesaid time and place, the Defendant, Wal-Mart, and one or more of the fictitious party Defendants, A through J, had the duty to keep the premises in a reasonably safe condition and reasonably free from danger for its customers.    The Defendants negligently and/or wantonly breached said duty as stated above and as a proximate consequence Plaintiff was caused to suffer the injuries and damages as described herein.

8.    At the aforesaid time and place, the Defendant, Wal-Mart, and one or more of the fictitious party Defendants, A through J, had the duty to warn Plaintiff and others of dangerous conditions on their premises.    The Defendants negligently and/or wantonly breached said duty by failing to warn Plaintiff of the dangerous condition of the substance that is believed to be water that was left on the floor at the front of the store where Plaintiff was walking and as a proximate consequence Plaintiff was caused to suffer the injuries and damages as described herein.

9.    The aforesaid negligent and/or wrongful conduct of the Defendants, including the fictitious party Defendants, combined and concurred, and as a proximate consequence Plaintiff was injured and damaged as follows:

(a)    Plaintiff was caused to suffer injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture to her right hip at the femoral neck;

(b)    Plaintiff was caused to suffer injuries to her right shoulder; such injury will require surgical intervention;

(c)    Plaintiff was caused and will be caused in the future to suffer physical pain, permanent injury and mental anguish as a result of the injuries she has sustained; and

(d)    Plaintiff was caused to incur medical expenses in and about an effort to cure and treat her injuries;

**WHEREFORE**, Plaintiff seeks damages against the Defendants, including the fictitious defendants, in such sums as the evidence may show and the jury may find, together with costs of this action, for compensatory damages and punitive damages allowed by Alabama law, plus cost of court.

Dated this, the 14th day of August, 2007.

**LEVIN, PAPANTONIO, THOMAS, MITCHELL, ECHSNER & PROCTOR, P.A.**

**F. Jerome Tapley** (TAP006)
316 South Baylen Street
Pensacola, Florida 32502
(850) 435-7130
(850) 436-6130 (fax)

4

**OF COUNSEL:**

William Jemison Mims
Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, P.A.
316 South Baylen Street
Pensacola, Florida 32501
(850) 435-7000
(850) 435-7020 (fax)

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.


Of Counsel


<u>PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL</u>
Wal-Mart Stores, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | |
|---|---|
| MARGARET WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO.: _C V -09 -114 M_ |
| | ) |
| WAL-MART STORES, INC., et al.; | ) |
| | ) |
| Defendants. | ) |

**FILED IN OFFICE**

AUG 1 6 2007

*Dale Laye*

**CLERK**

### FIRST REQUEST FOR PRODUCTION TO WAL-MART STORES, INC.

Comes the Plaintiff, pursuant to the Alabama Rules of Civil Procedure, and requests production of documents and things to Defendant, Wal-Mart Stores, Inc. The documents and things requested include any and all documents and things within your custody, possession, or control and the custody, possession, and control of persons, corporations, or other entities acting on your behalf or under your control. These discovery requests are continuing in character so as to require you to file supplementary responses if you obtain additional or different information before the trial. Produce the following within the time and in the manner provided by law:

1. All memoranda, incident reports, statements of witnesses, statements of Plaintiff, correspondence, faxes, emails, investigation reports, lists of witnesses, diary notes, time logs, notes of phone conversations, or other documents pertaining in any way to the Plaintiff's fall in Wal-Mart Store No. 1063, 1608 West Magnolia Avenue, Geneva, Alabama 36340, other than communications with Defendant's attorneys.

2. All drawings, maps, blueprints, surveys or other documents depicting the location within the Store 1063 where the incident involved in this case happened.

3.    All pictures, videos or documents of any type which 1) show the location within Store 1063 where the incident made the basis of this lawsuit occurred; 2) show the aisles of the Store 1063; 3) show the Plaintiff.

4.    All documents, audio, video, or recordings of any type of witnesses' statements, employees' statements, or other recorded matters relating to the incident that is the basis of this lawsuit.

5.    All documents that in any way relate to, refer to, or include the maintenance policies or procedures (including, but not limited to, cleaning logs, employee manuals, memoranda, instructions, and directives) for the retail area of the Store 1063 where the incident occurred.

6.    All documents that in any way relate to the policies or procedures regarding slip-and-fall and trip and fall injuries to be followed by the Defendant's employees at the time of the incident.

7.    All employee training documents or videos used by the Defendant at Store 1063 (including, but not limited to, employment manuals, films, videotapes, and audio/visual materials) for the five years preceding March 3, 2007.

8.    Any contracts or agreements with a third party or parties (including, but not limited to, maintenance companies and cleaning companies) for the maintenance of the floor where the incident occurred.

9.    All film, videotape, video recording discs, or other items used by the surveillance cameras to record the happenings at the location of the incident for the period of time beginning at 8:00 a.m. and ending at 11:59 p.m. on March 3, 2007.

10.     For each and every occurrence within the five years immediately preceding March 3, 2007, in which an individual has fallen in a Wal-Mart store, within the State of Alabama, please provide documentation which provides the following information: (This information may be provided by any commonly used computer system such as CD or DVD)

    a)     Date of incident;

    b)     Claim or incident number;

    c)     Store name, address, and number;

    d)     Name and reported address of person who fell;

    e)     Description of the incident or claim;

    f)     For all incidents in which lawsuits were filed, state the style of the case, the case number, the county if filed in state court, or the federal court district and division.

11.     For each and every occurrence within the five years immediately preceding March 3, 2007, in which an individual has fallen in a Wal-Mart Store 1063, please provide documentation which provides the following information: (This information may be provided by any commonly used computer system such as CD or DVD)

    a)     Date of incident;

    b)     Claim or incident number;

    c)     Store name, address, and number;

    d)     Name and reported address of person who fell;

    e)     Description of the incident or claim;

f)    For all incidents in which lawsuits were filed, state the style of the case, the case number, the county if filed in state court, or the federal court district and division.

12.    Please provide copies of any and all film, videotape, disc, or other items recording the incident, which is the basis of this lawsuit.

Dated this, the ____14th____ day of August, 2007.

LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER &
PROCTOR, P.A.

_____
F. Jerome Tapley (TAP006)
316 South Baylen Street
Pensacola, Florida 32502
(850) 435-7130
(850) 436-6130 (fax)

## PLEASE SERVE WITH SUMMONS AND COMPLAINT

4

# IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | | |
|---|---|---|
| **MARGARET WILLIAMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO.:** *CV-09-114* **FILED IN OFFICE** |
| | ) | |
| **WAL-MART STORES, INC., et al.;** | ) | **AUG 1 6 2007** |
| | ) | |
| **Defendants.** | ) | *Dale Jays* |
| | | **CLERK** |

## INTERROGATORIES TO WAL-MART STORES, INC.

Comes the Plaintiff, pursuant to the Alabama Rules of Civil Procedure, and propounds interrogatories to Defendant, Wal-Mart Stores, Inc. These discovery requests are continuing in character so as to require you to file supplementary answers if you obtain additional or different information before the trial. Respond to the following within the time and in the manner provided by law:

1.      Please state the correct name and address of all individuals, corporations, partnerships, or legal entities of any type, that own or manage the Wal-Mart Store No. 1063, 1608 West Magnolia Avenue, Geneva, Alabama 36340. (herein called Store 1063).

2.      Please state the correct name and address of all individuals, corporations, partnerships, or legal entities of any type, that were responsible for maintaining the floors and aisles in Store 1063 in a reasonably safe condition for shoppers on March 3, 2007.

3.      Please state the correct names, addresses, employer, and capacity of employment of all individuals who have participated in the preparation of the answers to these interrogatories.

1

4.    Please state the correct names, addresses, employer, and capacity of employment of all individuals who have investigated on your behalf, the incident in which Plaintiff was injured in Store 1063 on March 3, 2007.

5.    Please state the correct names, addresses, and telephone numbers, where available, of all persons who were witnesses to the incident, and of all persons who have knowledge of the incident.

6.    Please state the correct names, addresses, and telephone numbers, where available, of all persons known to you to have been in Wal-Mart Store 1063 at the time of the incident made basis of this complaint on March 3, 2007.

7.    If you have written statements, signed or unsigned, or audio or video recorded, from any of the persons named in the preceding interrogatories numbered 4, 5, or 6, list the names of the persons from whom a statement was taken, state the date each such statement was taken; the name, address, employer, and capacity in which employed, of the person or persons to whom it was given or by whom it was taken and who has custody of such statement or copies of such statement.

8.    Please state the names and addresses of all individuals who, within the five years preceding March 3, 2007, have established standards, guidelines, written memoranda, written manuals, prepared tutorials, or given instructions in any manner to the personnel in Wal-Mart retail stores in Alabama on the manner of keeping the floors and aisles of the stores reasonably safe for customers.

9.    Please state the names and addresses of all individuals or legal entities that designed, constructed, repaired, maintained, operated, or monitored the surveillance cameras in the Store 1063 in March 2007.

10.    Were there any surveillance cameras located within Store 1063, which filmed the incident on March 3, 2007, which is the basis of this lawsuit?

11.    What is the name and address of the individual who has custody of the film, videotape, disc, or other items recording the incident, which is the basis of this lawsuit?

12.    What is the name, last known address, and phone number of the individuals who came to the location of the incident after Plaintiff fell?

13.    Was any written report made about the incident involving Plaintiff's fall within five days of March 3, 2007? If so, who contributed to drafting the report, who has custody of the report?

14.    What is the name and address of the individual or legal entity that has custody of the incident, reports, claims, or occurrence reports of all incidents involving individuals who claim to have fallen within Wal-Mart stores in the State of Alabama within the five years proceeding March 3, 2007?

15.    For each conversation had with Plaintiff by any employee of the Defendant state:

        a)    The name, last known address and job title of the person present.

        b)    The date and location of each conversation.

        c)    The substance of each conversation including what was said by the Plaintiff.

16.    Was any person responsible for physically supervising the area of the aisle

in the produce section of the Wal-Mart Store 1063 on March 3, 2007? If so, for each

person, state:

      a)    His/Her name and last address;

      b)    His/Her job title;

      c)    A description of His/Her duties;

      d)    His/Her location at the time of the incident.

17.    As to each person on duty on March 3, 2007 at the Wal-Mart Store 1063

where Plaintiff was injured, please state the following:

      a)    Their name and last known address;

      b)    Their job title and duties on March 3, 2007;

      c)    Whether they are currently employed by Wal-Mart;

      d)    Each of their location between 8:00 am and 11:59 pm on March 3,
           2007.

18.    Of what type of material was the floor of the aisles composed at the Wal-

Mart Store 1063 on March 3, 2007?

19.    Did you, or any employee, receive any complaint, warning, or other notice,

concerning the condition on the aisles at the Store 1063 prior to the incident made the

basis of this suit? If so, describe the complaint and state what action was taken by

Defendant, if any.

20.    Was any inspection made of the scene of the incident subsequent to the

Plaintiff falling? If so, state:

a)    The date and time it was made;

b)    The name, address and job title of each person who made the inspection.

c)    What action if any was taken to repair or clean any aspect of the premises following any inspection after the incident?

21.    Was any warning given to Plaintiff or any other person concerning any condition in the area where the incident occurred? If so, for each warning, state:

a)    A description of, or the substance of, the warning that was given;

b)    The name, or other means of identification, and address of the person who gave the warning;

c)    The form in which it was given; and

d)    The reason it was given

22.    At the time of the incident, how frequently was the area where the incident occurred cleaned? Who was responsible for cleaning said area?

23.    Does the Defendant have any written records relating to the cleaning services undertaken on the premises prior to the incident?

If so, please consider this as a Request for Production and attach a copy of each record to your answers to these interrogatories dated sixty days prior to the incident alleged in Plaintiff's complaint and thirty days after the said date.

24.    Did any employee of the Defendant look at the area of the floor following Plaintiff's fall while she was still in the store? If so, state:

a)    The name, last known address and job title of each person who looked at the floor;

b)      Whether any report was made of it, and, if so, the name and address of the person who has custody of the report.

c)      Were any photographs taken of the floor area?

d)      State whether any such employee reported seeing any green colored substance on the floor area where Plaintiff fell. If no, identify the employee and state what he/she described seeing;

e)      Please consider this a Request for Production and attach a copy of each investigation report and photograph to your answers to these interrogatories.

25.    If any employee went to the location of this incident where the Plaintiff had fallen while Plaintiff was still in the store, please state the following:

a)      The name, address and job title of each person who went to the location;

b)      The time they went to the location;

c)      State what they each describe seeing at the location;

d)      Describe what each person did at the location after their arrival.

26.    Do you contend that Plaintiff was not authorized to be on that part of the premises where the incident allegedly occurred? If so, on what facts do you base such contention?

27.    Do you contend that Plaintiff was guilty of contributory negligence? If so, on what facts do you base such contention?

28.    Do you contend that Plaintiff assumed the risk of the incident? If so, on what facts do you base such contention?

29.    If the Defendant intends to use any expert witness at the trial of this cause, please state the following:

6

a)    The name and address of each such expert, the education, experience and qualifications of each such expert;

b)    The subject matter upon which each such expert is expected to testify;

c)    The substances of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

30.    Has each person answering these interrogatories been advised that these answers were given under oath and may be used in the trial of this matter?

Dated this, the _14th_ day of August, 2007.

LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER &
PROCTOR, P.A.

F. Jerome Tapley (TAP006)
316 South Baylen Street
Pensacola, Florida 32502
(850) 435-7130
(850) 436-6130 (fax)

**PLEASE SERVE WITH SUMMONS AND COMPLAINT**

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,                    *

     Plaintiff,                          *

vs.                                   *                    CASE NO. CV-07-114M

WAL-MART STORES INC., L.P.,           *

     Defendant.                          *

### WAL-MART'S SECOND SET OF DISCOVERY TO PLAINTIFF

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as Wal-Mart Stores, Inc., pursuant to Alabama Rules of Civil Procedure 33 and 34, propounds the following discovery requests to Plaintiff to be answered within thirty (30) days.

In answering these interrogatories, you are required to furnish all information available to you, including information in the possession of your attorney or any person acting on your or his behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are reminded that, under the provisions of Rule 26(e) of the Alabama Rules of Civil Procedure, you are under a duty to reasonably supplement your response with respect to any question directly addressed to (a) the identity and location of persons having knowledge of discoverable matter, and (b) the identity of each person to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of this testimony.

# EXHIBIT B

You are under a duty to reasonably amend a prior response if you obtain information upon the basis of which (a) you know that the response was incorrect when made, or (b) you know that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for this Defendant within fifteen (15) days after receipt of such information.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "your" shall mean Plaintiff MARGARET WILLIAMS, her attorneys, employees, officers, directors, agents, or representatives and all other persons acting on their behalf.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "identification," when used with reference to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian; if any document was but is no longer in your possession, custody or control, to state what disposition was made of it and the reason for its disposition.

"Document" shall mean any printed, typewritten, handwritten, photographic, taped, videotaped or otherwise recorded matter of whatever character, including, but not limited to,

records, business records, telexes, logs, bulletins, publications, books, notices, booklets, pamphlets, charts, diagrams, bills, receipts, invoices, checks, accounting records, written reports, communications of any nature, interviews, records of any nature, contracts, bills of sale, letters, purchase orders, studies, tests, inspections, evaluations, manuals, rules, standards, regulations, policies, guidelines, warnings, instructions, memoranda, correspondence, notebooks, telegrams, notes, catalogues, diaries, calendars, office communications, reports, statements, brochures, announcements, photographs, videotapes, transcripts of telephone conversations, meetings and interviews, electronic data, computer programs and data files, and photographic or other copies of any such material if plaintiffs does not have custody or control of the original. The mention of any specific documents in any of the below stated requests shall not be interpreted to limit in any way the above stated broad, all inclusive definition of the term document. Also, if any document requested to be produced was, but is no longer, in your possession or control or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise disposed of; and in each instance explain the circumstances surrounding and the authorization for such disposition thereof and state the approximate date thereof. Also, you are required to produce not only those documents in your custody, but also those documents in your attorney's custody or control and/or which can be obtained by you.

As regarding each document (or other physical or tangible evidence) withheld on the basis of any privilege (including the attorney-client privilege or the work product doctrine), please provide sufficient information to allow proof or a challenge of the privilege (this information should include a description of the document, its date and the identity of its author

and others who have seen it, the purpose for which it was created, and the degree of confidentiality with which it is to be treated).

## **REQUESTS FOR ADMISSION**

1.      The damages alleged in your Complaint do not exceed $75,000.00.

**RESPONSE:**


2.      The amount in controversy in this matter does not exceed the sum of $75,000.00, exclusive of interest and costs.

**RESPONSE:**


3.      This case does not satisfy the "amount in controversy" requirements of 28 U.S.C. §1332.

**RESPONSE:**


4.      You are not seeking an award of more than $75,000.00 to satisfy all of the claims stated in your Complaint.

**RESPONSE:**


5.      You will not accept more than $75,000.00 in compensatory and punitive damages.

**RESPONSE:**

6.     There is no evidence which supports an award of damages in this case exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE:**


7.     The proper measure of damages, if any, does not exceed $75,000.00 inclusive of all claims for compensatory and punitive damages.

**RESPONSE:**


8.     Neither you nor your attorney will ask a Judge or jury to return a verdict for more than $75,000.00 in the event of a trial of this matter.

**RESPONSE:**


9.     Any verdict or judgment in excess of $75,000.00 in this matter would be excessive as a matter of law.

**RESPONSE:**


10.     If a Judge or jury returns a verdict in excess of $75,000.00, you will agree to a remittitur equal to or less than $75,000.00.

**RESPONSE:**


11.     Even if new or additional facts, information, or law are discovered with respect to the damages available in the case, you agree not to seek, ask for, claim or accept damages exceeding $75,000.00, including compensatory and punitive damages.

**RESPONSE:**


## **INTERROGATORIES**

     1.    If your response to any of the foregoing Requests for Admissions is anything other than an unqualified admission, as to each separate response, please state the following:

          a.    State each and every fact upon which you rely in refusing to admit said response;

          b.    Identify all documents upon which you rely in refusing to admit said response;

          c.    Identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response.

**RESPONSE:**


     2.    State each and every fact which you contend supports an award of damages in this matter in excess of $75,000.00.

**RESPONSE:**


     3.    State each and every fact which you claim supports your claim for damages against this Defendant.

**RESPONSE:**

## REQUESTS FOR PRODUCTION

1.    If your response to any of the foregoing requests for admissions is anything other than an unqualified admission, as to each separate response, please produce the following:

    a.    All documents upon which you rely in refusing to admit said response;

    b.    All documents which identify all witnesses who have any knowledge of the facts and/or circumstances upon which you rely in refusing to admit said response;

    c.    All documents which in any way refer to the subject matter of the requests for admission.

**RESPONSE**:


2.    Please produce each and every document in your possession which supports an award of damages in this matter in excess of $75,000.00.

**RESPONSE**:


3.    Please produce each and every document in your possession which supports your claim for damages against this Defendant.

**RESPONSE**:


4.    Please produce each and every document in your possession which supports any claim that the amount in controversy in this matter exceeds the sum of $75,000.00.

**RESPONSE**:

Respectfully submitted,

_[signature]_

W. PEMBLE DELASHMET (DEL010)
wpd@delmar-law.com
CHAD C. MARCHAND (MAR136)
ccm@delmar-law.com
Attorneys for Defendant, Wal-Mart Stores East, LP

**OF COUNSEL:**

DELASHMET & MARCHAND
Post Office Box 2047
Mobile, AL 36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have on this the 10th day of October, 2007, served a true and correct copy of the above and foregoing document on all counsel and parties of record, by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

William Jemison Mims
F. Jerome Tapley
Levin, Papatonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 South Baylen Street
Pensacola, Florida 32501

_[signature]_

OF COUNSEL

–8–

## IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,                    )
                                      )
      **Plaintiff,**                      )      **CASE NO.  CV-07-114M**
                                      )
vs.                                   )
                                      )
WAL-MART STORES, INC., L.P.,          )
                                      )
      **Defendant.**                      )

---

### PLAINTIFF'S  RESPONSE TO DEFENDANT'S
### REQUEST FOR ADMISSIONS

Plaintiff, Margaret Williams, hereby responds to Defendant's Requests for Admission as follows:

    1.     Denied.

    2.     Denied.

    3.     Denied.

    4.     Denied.

    5.     Denied.

    6.     Denied.

    7.     Denied.

    8.     Denied.

    9.     Denied.

   10.     Denied.

   11.     Denied.

# EXHIBIT C

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to the

individual(s) listed below on this 21st day of November, 2007, by regular U.S. Mail:

W. Pemble Delashmet
Chad C. Marchand
Delashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652
*(Counsel for Wal-Mart Stores, Inc., L.P.)*

F. Jerome Tapley (TAP006)
Levin Papantonio, et al.
316 S. Baylen Street
Suite 6
Pensacola, FL 32502
(850) 435-7198 phone
(850) 435-7004 facsimile