IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARGARET WILLIAMS

    Plaintiff,

v.                                                                      CASE NO.: 1:07cv1108-MHT

WALMART STORES INC., ET AL,

    Defendant

---

**PLAINTIFF'S MOTION TO REMAND
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, MARGARET WILLIAMS, by and through the undersigned counsel and pursuant to 28 U.S.C. §1446, moves to remand the above captioned case to the Circuit Court of the state of Alabama in and for Geneva County, for reasons set forth as follows:

**Background**

This cause arises out of an injury occurring on March 11, 2007. Plaintiff, a business invitee, slipped and fell on the premises of Defendant, suffering a comminuted fracture and injury to her hip. The Plaintiff submitted a written statement to Defendant on March 11, 2007 signed by herself, Marie Strickland and Wal-Mart Store #1063 store manager Deborah Elmore, Attached as Exhibit "1" is a copy of the Customer statement. Ms. Elmore supplemented the statements from this incident on March 12, 2007 following a phone conversation with Ms. Strickland wherein she was notified that the Plaintiff "was in the hospital (and) her leg was broken [sic] it was bad..." Attached as Exhibit "2" is a copy of Ms. Elmore's statement.

Defendant's claims handler, Claims Management, Inc. notified Plaintiff's counsel on

May 9, 2007 that it's "investigation" had been completed, Attached as Exhibit "3". On May 10, 2007, Defendant's claims handler, Claims Management again wrote Plaintiff's counsel stating "[o]ur investigation into this matter indicates no negligence on the part of Wal-Mart Stores, Inc. We are respectfully denying this claim," Attached as Exhibit "4". On August 16, 2007, Plaintiff filed this premises liability action in the Circuit Court of Geneva County, Alabama against Wal-Mart Stores, Inc. for injuries sustained by Plaintiff MARGARET WILLIAMS. Specifically enumerated in the complaint were Plaintiff's injuries, including but not limited to: "injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture of her right hip at the femoral neck;" and "injuries to her right shoulder; such injury will require surgical intervention," Attached as Exhibit "5" Plaintiff's Complaint, ¶9(a) and 9(b). Defendant WAL-MART STORES, INC. filed an Answer ans Affirmative Defenses to the Complaint on October 10, 2007, along with initial discovery tot he Plaintiff.

Plaintiff contends that Defendant knew the above information indicating Plaintiff's injuries was sufficient to illustrate her claim was in excess of $75,000.00 long before November 21, 2007. Defendant's "investigation" noted Plaintiff was hospitalized following her fall and Plaintiff specifically listed her physical injuries in her complaint.

### Standard of Review

Doubts concerning whether removal of an action should be resolved against removal. Pacheco De Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). The Court "must remand to state court any case that was removed improvidently or without necessary jurisdiction." Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A. 882 F.Supp. 1056, 1057 (S.D. Fla. 1994). "Where there is any doubt concerning jurisdiction of federal court on removal, the

case should be remanded." Id. See also Martin v. Mentor, 142 F.Supp.2d 1346 (M.D. Fla. 2001).

Statutes conferring diversity and removal jurisdiction should be strictly construed. Owen Equip. and Erection Co. v. Kroger, 437 U.S. 365, 98 S.Ct 2396, 57 L.Ed.2d 274 (1978). Removal statutes are strictly construed because: (1) the exercise of removal is in derogation of state sovereignty; (2) jurisdictional allegations for removal are extremely simple for any lawyer to draft; (3) a liberal construction would promote uncertainty as to a court's jurisdiction in marginal cases; and (4) 28 U.S.C. §1446(b) is a statute of repose designed not to unduly delay trials. Hill v. Gen. Motors Corp, 654 F.Supp. 61 (S.D. Fla. 1987); Martin v. Mentor, 142 F.Supp..2d 1346 (M.D. Fla. 2001).

## Argument

By any time line, Defendant did not timely file its Notice of Removal pursuant to 28 U.S.C. §1446(b). 28 U.S.C. §1446(b) clearly and unequivocally provides that, "[a} notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading."

A Notice of Removal may be filed within thirty days after receipt by the Defendant of an amended pleading, order, or other paper from which it may first be ascertained that the case is one which has become removable. 28 U.S.C. §1446(b). A Defendant may use a variety of documents, including allegations within a complaint, to intelligently ascertain that it has grounds for removal. Lee v. Atamil Corp., 457 F.Supp. 979, 981 (M.D. Fla. 1978). In this instance, the Defendant was aware that Plaintiff's fall resulted in a hospitalization *the day after it occurred*. The Defendant was informed on March 12, 2007 that the fall had resulted in hospitalization and a broken leg that was bad. The complaint listed the Plaintiff's injuries, including a comminuted fracture and the specter of shoulder surgery. The Defendant could have ascertained well before

thirty days passed after the original pleading.

Once the Defendant is properly before the court, and discovers grounds for removal, Defendant must remove "within thirty days of discovering those grounds, regardless of whether such information is contained in properly served amended pleadings or from some other source..." Trahant v. Metropolitan Property and Casualty ins. Co., 2000WL 1473598 (E.D. La.)(quoting Huffman v. Saul holdings, Ltd. P'ship, 194 F3d 1072, 1078 (10th Cir. 1999)). The statute does not require formal service, but notice must be in writing. Sunburst Bank v. Summit Acceptance Corp., 878 F.Supp. 77, 81 (S.D. Miss 1995). Mentor, supra at 1349.

In Mentor, supra, Plaintiff claimed that Defendants waived their right to remove by filing their Notice of Removal thirty two days after receipt of a facsimile proposing settlement of $175,000.00. The Defendant argues that proper notice that the case was removable was not received until delivery of Plaintiff's Proposal of Settlement by U.S. Mail. The district court relying on Trahant, supra and Sunburst bank, supra, disagreed with Defendant and held that they waived their right of removal. Mentor at 1346. As noted earlier, Defendant conducted an investigation of this incident which revealed Plaintiff was hospitalized with a broken leg. Defendant was also notified through the complaint that Plaintiff suffered a comminuted fracture and injuries to the right shoulder which would require surgery. Defendant cannot at this point claim that they did not know as of October 10, when the Answer was filed, that the claim was worth more than $75,000.00.

Unlike the Defendant in Mentor who filed a Notice of Removal within 32 days of a settlement proposal after litigation had commenced, Defendant Wal-Mart erroneously waited until receiving Answers to Requests for Admissions some 95 days after being served with the Complaint. Defendant Wal-mart mistakenly believes that it can circumvent the 30 day

requirement and its own knowledge by the Request for Admissions procedure. Thus, where the Defendants in <u>Mentor</u> waive their right to removal, so too did Defendants in this case.

Defendant WAL-MART STORES, INC. was served with a copy of the Complaint on or about August 17, 2007, and failed to file a Notice of Removal until December 19, 2007. This is over ninety days after the date of original service and thus clearly outside of the requirements of 28 U.S.C. §1446(b). Moreover, Defendant was made aware of significant injuries sustained by Plaintiff on March 12, 2007. Based upon these facts, Defendant knew prior to the filing of Plaintiff's lawsuit that the amount in controversy was in excess of $75,000.00, if not at least by August with the filing and specific enumeration of Plaintiff's injuries. Thus, they have not complied with the thirty day limit set for at 28 U.S.C. §1446(b).

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that this case be remanded to the Circuit Court of Geneva County, Alabama.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of Plaintiff's Motion to Remand and Memorandum of Law in Support Thereof has been furnished by regular U.S. mail to Jennifer A. Doughty, W. Pemble DeLashmet, and Chad C. Marchand, P.O. Box 2047, Mobile, AL 36652 on this 22nd day of January, 2008.

/s/ F. Jerome Tapley (TAP006)
ALBar #ASB 0583-A56T
CORY, WATSON, CROWDER & DEGARIS
2131 Magnolia Avenue
Birmingham, AL 35205
(205) 328-2200
Attorney for Plaintiff

WMP-73B

## CUSTOMER STATEMENT

STORE #: 1063    DATE: 3-11-07    TIME: 1:45    a.m./(p.m.)
NAME: Margaret Williams
ADDRESS: 314 Riddle Dr
CITY: Westville    STATE: FL    ZIP: 32464
PHONE: (850) 956-2853    SSN: 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

Describe in your own words, the events leading up to the incident:

Slipped down at exit doors injuring Right Knee & hip

Identify and describe the location of the incident:

exit doors 1063 Geneva, AL

List name, address and phone number of any witness(es) to the incident:    334-684-1082
Stephanie Edelstein    204 N. Pleasant St    Geneva, Al

Name of associate you reported the incident to:
Debbie Elmore

Customer Signature: Margaret E Williams / Marie Strickland    Print Name    3-11-07    Date

Management Signature: Deborah Elmore    Date: 3-11-07

A COPY OF THIS STATEMENT SHOULD BE MADE AVAILABLE TO THE
CUSTOMER UPON REQUEST.

CMI COPY

Attn: Ann

Claim # 67737270

Statements

From Steve 1063

I called Ms. Strickland's home # on 3-12-07 @ 7:30 pm to check on her. The lady that answered the phone said she was her sister and that Ms Strickland was in hospital & her leg was broken it was bad and that she had been told not to talk to anyone. she said I'm sorry I can't talk to you and hung up the phone.

Deborah Elmore
3-12-07

Wal-Mart 00001

# Claims Management, Inc.

May 9, 2007

Wm. Jemison Mims, Jr.
316 S. Baylen Street
Suite 600
Pensacola, FL 32502

RE: Margaret Williams
File #: 5205432
Date of Loss: 03/11/2007
Store#: 1063

Dear Mr. Mims:

Claims Management, Inc. is the claims handler for Wal-Mart Stores, Inc., and their insurance carrier concerning customer incidents. We have been advised you represent the above captioned customer and request that all correspondence and inquiries be directed to the attention of this office.

Our investigation into this case has been completed. Please contact me at your earliest convenience to discuss.

Thank you for your anticipated cooperation and assistance.

Sincerely,

Anne Keen
Case Manager

**CLAIMS MANAGEMENT INC**

P.O. BOX 1288 – MAIL STOP 3540 - BENTONVILLE, AR 72712-9989
CLAIMS MANAGEMENT, INC. (DBA) CLAIMS MANAGEMENT, INC. OF ARKANSAS
ARKANSAS CLAIMS MANAGEMENT, INC.
PHONE: (479) 621-2900 • FAX: (479) 277-4294

# Claims Management, Inc.

May 10, 2007

Wm. Jemison Mims, Jr.
316 S. Baylen Street
Suite 600
Pensacola, FL 32502

RE: Margaret Williams
File #: 5205432
Date of Loss: 03/11/2007
Store #: 1063

Dear Mr. Mims:

Claims Management, Inc., is the claims representative for Wal-Mart Stores, Inc., and for their insurance carrier regarding customer incidents.

This letter is regarding your client, Margaret Williams and the incident which occurred on or about 03/11/2007 in Wal-Mart Store number 1063 located in Geneva, AL. Wal-Mart regrets any type of accident that occurs on the premises of their stores. It is Wal-Mart's goal to provide a reasonably safe place for their customers to shop.

Our investigation into this matter indicates no negligence on the part of Wal-Mart Stores, Inc. We are respectfully denying this claim.

There is not a provision within the insurance policy for medical payments. We realize some medical plans refuse payment of bills related to this type of situation. If your client carries a medical plan and this occurs, we suggest you submit a copy of this letter to that carrier. It is our experience, once the carrier understands the reason for non-payment by our office; they will usually reevaluate their position.

If you have questions, feel free to call 800-527-0566 ext.20577.

Sincerely,

Anne Keen
Case Manager

RECEIVED MAY 1 7 2007

CLAIMS MANAGEMENT INC ·
P.O. BOX 1288 – MAIL STOP 3540 - BENTONVILLE, AR – 72712-9989
CLAIMS MANAGEMENT, INC. (DBA) CLAIMS MANAGEMENT, INC. OF ARKANSAS
ARKANSAS CLAIMS MANAGEMENT, INC.
PHONE: (800) 527-0566· FAX: (479) 277-4294

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

MARGARET WILLIAMS,            )
                              )
    Plaintiff,             )
                              )
v.                            )     CASE NO.: _____
                              )
WAL-MART STORES, INC.;        )

Defendant(s) A, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which is known and doing business as Wal-Mart Stores, Inc.; Defendant(s) B, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which owned, maintained or had any interest in the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) C, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the lessor of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) D, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the lessee of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) E, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which controlled and/or had the right to control the premises involved in the occurrence made the basis of this lawsuit at the time of or at any time before said occurrence; Defendant(s) F, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which were responsible for maintenance of the premises involved in the occurrence made the basis of this lawsuit; Defendant(s) G, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity other than those described above whose negligence, wantonness or other wrongful conduct caused or contributed to cause the occurrence made the basis of this lawsuit; Defendant(s) H, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which is the successor in interest to any of the named parties or fictitious parties described above; and Defendant(s) I, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity who or which was the predecessor in interest to any of the named parties or fictitious parties described above; Defendant(s) J, whether singular or plural, Plaintiff hereby intending to designate that person, firm, corporation or other legal entity responsible for the injuries and damages suffered by the Plaintiff on the occasion of the occurrence made the basis of this lawsuit. Plaintiff avers that the identities of the fictitious party Defendants are otherwise unknown to Plaintiff at this time, or if their names are known to plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

    Defendants.

## COMPLAINT

**COMES NOW** the Plaintiff in the above styled cause and as the basis for the relief hereinafter prayed for, states as follows:

### General and Jurisdictional Allegations

1. The matter in controversy exceeds the minimum jurisdictional limits of this Court, exclusive of cost.

2. The Plaintiff, MARGARET WILLIAMS, is nineteen (19) years of age or older and is, and at all times material to this action was, a resident of and domiciled in Westville, Holmes County, Florida.

3. Upon information and belief, WAL-MART STORES, INC., is an Arkansas corporation doing business in Geneva County, Alabama.

### COUNT ONE
(Negligence and/or Wantonness)

4. Plaintiffs adopt and re-allege all relevant paragraphs above as if specifically set out herein and hereby incorporate same by reference.

5. On or about March 3, 2007, plaintiff, Margaret Williams, was a business invitee on the premises of the defendant, Wal-Mart Stores, Inc., at Wal-Mart Store No. 1063, 1608 West Magnolia Avenue, Geneva, Alabama 36340. At said time and place, Plaintiff was injured when she slipped and fell on what is believed to be water on the floor at the front of the store.

6. At the aforesaid time and place, the Defendant, Wal-Mart Stores, Inc., (hereinafter referred to as "Wal-Mart") and one or more of the fictitious party Defendants, A through J, negligently and/or wantonly allowed an unsafe and unreasonably dangerous condition to exist on the premises in that Defendants failed to clean up the substance believed to be water that was left on the floor at the front of the store where Plaintiff was walking therefore creating a dangerous condition for customers. As a proximate consequence of Defendants' negligence and/or wantonness, plaintiff was caused to be injured and damaged as described herein.

7. At the aforesaid time and place, the Defendant, Wal-Mart, and one or more of the fictitious party Defendants, A through J, had the duty to keep the premises in a reasonably safe condition and reasonably free from danger for its customers. The Defendants negligently and/or wantonly breached said duty as stated above and as a proximate consequence Plaintiff was caused to suffer the injuries and damages as described herein.

8. At the aforesaid time and place, the Defendant, Wal-Mart, and one or more of the fictitious party Defendants, A through J, had the duty to warn Plaintiff and others of dangerous conditions on their premises. The Defendants negligently and/or wantonly breached said duty by failing to warn Plaintiff of the dangerous condition of the substance that is believed to be water that was left on the floor at the front of the store where Plaintiff was walking and as a proximate consequence Plaintiff was caused to suffer the injuries and damages as described herein.

9. The aforesaid negligent and/or wrongful conduct of the Defendants, including the fictitious party Defendants, combined and concurred, and as a proximate consequence Plaintiff was injured and damaged as follows:

(a) Plaintiff was caused to suffer injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture to her right hip at the femoral neck;

(b) Plaintiff was caused to suffer injuries to her right shoulder; such injury will require surgical intervention;

(c) Plaintiff was caused and will be caused in the future to suffer physical pain, permanent injury and mental anguish as a result of the injuries she has sustained; and

(d) Plaintiff was caused to incur medical expenses in and about an effort to cure and treat her injuries;

**WHEREFORE**, Plaintiff seeks damages against the Defendants, including the fictitious defendants, in such sums as the evidence may show and the jury may find, together with costs of this action, for compensatory damages and punitive damages allowed by Alabama law, plus cost of court.

Dated this, the 14th day of August, 2007.

LEVIN, PAPANTONIO, THOMAS,
MITCHELL, ECHSNER &
PROCTOR, P.A.

_____
**F. Jerome Tapley (TAP006)**
316 South Baylen Street
Pensacola, Florida 32502
(850) 435-7130
(850) 436-6130 (fax)

4

**OF COUNSEL:**

William Jemison Mims
Levin, Papantonio, Thomas, Mitchell,
Echsner & Proctor, P.A.
316 South Baylen Street
Pensacola, Florida 32501
(850) 435-7000
(850) 435-7020 (fax)

## JURY DEMAND

PLAINTIFF DEMANDS TRIAL BY STRUCK JURY ON ALL ISSUES SO TRIABLE.

_____
Of Counsel

PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL
Wal-Mart Stores, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109