**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARGARET WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO. 1:07CV1108-MHT |
| ) | |
| WAL-MART STORES, INC., ET AL., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION**
**TO PLAINTIFF'S MOTION FOR REMAND**

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in the Complaint as WAL-MART STORES, INC., responds in opposition to Plaintiff's Motion to Remand as follows:

**I.    Summary**

Plaintiff's Motion to Remand is due to be denied. Defendant Wal-Mart filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 within thirty days of receipt of "other paper" which indicated by a preponderance of the evidence that Plaintiff's damages exceeded the jurisdictional minimum of $75,000.00 necessary to establish diversity jurisdiction. Further, Plaintiff failed to timely file her motion to remand within thirty days as required by 28 U.S.C. § 1447(c).

**II.    Facts and Procedural Background**

Plaintiff's Complaint arises out of alleged injuries she received on March 11, 2007 when she slipped and fell near the exit of Wal-Mart Store #1063 in Geneva, Alabama. Plaintiff allegedly sustained injuries to her knee, hip, and shoulder. Defendant

Wal-Mart conducted its standard investigation which did not reveal any information regarding Plaintiff's alleged monetary damages.

Plaintiff filed her original Complaint on August 16, 2007 in the Circuit Court of Geneva County. (Doc. 1, Ex. A, pp. 30-34.) Plaintiff brought state-law causes of action in negligence and wantonness against the Defendant. She sought compensatory and punitive damages but failed to allege a specific amount of damages. Defendant Wal-Mart answered Plaintiff's Complaint on October 10, 2007, denying the material allegations of the Complaint and asserting affirmative defenses. (Doc. 1, Ex. A, pp. 22-28.) Defendant propounded two sets of written discovery to Plaintiff at the time it filed its Answer. (Exhibit A attached hereto and Doc. 1, Ex. B.) The first set addressed the substantive allegations of Plaintiff's Complaint while the second focused exclusively on the amount in controversy. (Doc. 1, Ex. B.)

Upon receipt of Plaintiff's responses to its second set of discovery, Wal-Mart ascertained that this case was or had become removable in accordance with 28 U.S.C. § 1446(b) because Plaintiff admitted that her damages met the jurisdictional minimum of $75,000.00 necessary to establish diversity jurisdiction. (Doc. 1, Ex. C.) Wal-Mart filed its Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 on December 20, 2007, within 30 days of receipt of "other paper" in the form of Plaintiff's responses to Defendant Wal-Mart's Requests for Admissions.[1] (Doc. 1.)

### III.    Argument

Plaintiff's Motion for Remand is due to be denied for at least two reasons. First, Plaintiff failed to object to the propriety of Defendant's removal within thirty days of

---

[1] Pursuant to the Court's Order Wal-Mart filed its Amended Notice of Removal on January 11, 2008.

2

filing. Second, Defendant properly and timely removed this case upon receipt of Plaintiff's responses to Requests for Admissions which indicated, by a preponderance of the evidence, that the amount in controversy in this case exceeds $75,000.00.

### A. PLAINTIFF FAILED TO TIMELY FILE HER MOTION TO REMAND.

Plaintiff failed to challenge the propriety of Defendant's removal within thirty days as required by 28 U.S.C. § 1447(c).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

A motion based on a removal defect must be made within 30 days after the filing of the notice of removal. *Id.* Plaintiff's argument for remand based on Defendant's failure to timely file its Notice of Removal is a challenge to the propriety of the removal. *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007). Defendant Wal-Mart filed its notice of removal on December 20, 2007, but Plaintiff did not file her motion to remand challenging the removal until thirty-seven days later, on January 25, 2008. Plaintiff's time to challenge Defendant's removal based on timeliness had passed.[2]

Where the plaintiff challenges removal before judgment but after the thirty-day period has lapsed, the court is no longer considering the propriety of the removal, but instead, whether subject matter jurisdiction exists at all. *Lowery,* 483 F.3d at 1214 n. 64. As set forth below, Plaintiff's argument regarding the timeliness of Defendant's removal

---

[2] Even if the Court is inclined to use the date Wal-Mart filed its Amended Notice of Removal, January 11, 2008, Plaintiff's motion for remand is due to be denied because Wal-Mart filed its Notice of Removal within 30 days of receipt of "other paper" indicating that the case was, or had become, removable pursuant to 28 U.S.C. § 1446(b).

3

is without merit and this Court has subject matter jurisdiction in this case because the parties are diverse and the amount in controversy requirement has been met.

### B. DEFENDANT'S REMOVAL WAS TIMELY.

This case is a prime example of the issues a Defendant faces when determining whether and when to remove a case to federal court. Section 28 U.S.C. § 1446(b) provides that the removal period in a case not initially removable commences when the defendant receives an amended pleading, motion, order, *or other paper* indicating for the first time that the case is removable (*emphasis added*). A removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Id*.

In this case, Plaintiff's Complaint does not contain any notion regarding the amount in controversy much less that it exceeded $75,000.00. Plaintiff did not specify the amount of damages she was seeking, what specific injuries she claimed to have incurred, or the duration, extent, and severity of the alleged harm. *See Bankhead v. American Suzuki Motor Corp.*, Civil Action No. 3:07cv208-MHT, 2008 WL 96095, at *2 (M.D. Ala. Jan. 7, 2008,) (holding that even though the plaintiff alleged four common-law claims, his complaint was nowhere near specific enough as to the duration, extent, severity, or kinds of harms alleged such that this Court could determine by a preponderance of the evidence the value of such claims, were he to prevail.) Instead the

Complaint simply contains a general statement of the facts with a prayer for relief that reads as follows:

> "The aforesaid negligent and/or wrongful conduct of the Defendants, including the fictitious party Defendants, combined and concurred, and as a proximate consequence Plaintiff was injured and damaged as follows:
>
> (a)  Plaintiff was caused to suffer injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture to her right hip at the femoral neck;
>
> (b)  Plaintiff was caused to suffer injuries to her right shoulder; such injury will require surgical intervention;
>
> (c)  Plaintiff was caused and will be caused in the future to suffer physical pain, permanent injury and mental anguish as a result of the injuries she has sustained; and
>
> (d)  Plaintiff was caused to incur medical expenses in and about an effort to cure and treat her injuries;
>
> WHEREFORE, Plaintiff seeks damages against the Defendants, including the fictitious defendants, in such sums as the evidence may show and the jury may find, together with costs of this action, for compensatory and punitive damages allowed by Alabama law, plus cost of court." (Doc. 1, Ex. A, pp. 30-34.)

Plaintiff incorrectly argues that Defendant Wal-Mart "could have ascertained" that the amount in controversy was greater than $75,000 "well before thirty days passed after the original pleading." (Pl. Motion to Remand, p. 3-4.) As support for her claim, Plaintiff refers to the fact that Defendant "was informed on March 12, 2007 that the fall resulted in hospitalization and that a broken leg was bad." *Id*. In a legal context, or any other context, the term "bad" does not even remotely allude to whether Plaintiff's medical expenses and damages were, or expected to be, in excess of $75,000.00.

5

Though Plaintiff argues that this case is akin to *Martin v. Mentor*, 142 F. Supp. 2d 1346 (M.D. Fla. 2001), where the defendants waived their right to remove by filing their Notice of Removal thirty-two days after receipt of a facsimile proposing settlement in the amount of $175,000.00, this case is distinguishable.  Unlike the defendants in *Martin*, here Wal-Mart was not in possession of any information, *written or verbal*, that would have triggered notice specific to the amount in controversy.  Specifically, Wal-Mart did not have any information regarding any existing or expected medical expenses relating to plaintiff's alleged injuries, the length of Plaintiff's hospital stay, a description or explanation of any surgery that was performed, whether plaintiff was ambulatory, the length of Plaintiff's recovery time, whether she missed any work, or even the status of her present condition.  Further, Plaintiff did not make any kind of settlement demand which conceivably could have alerted Defendant that the amount in controversy exceeded $75,000.00.

While Plaintiff argues that Wal-Mart "mistakenly believes it can circumvent the 30 day requirement" (for removal) and that her allegations in the Complaint were sufficient to put Defendant on notice that the amount in controversy clearly exceeded $75,000.00, she conveniently ignores the prevailing case law which establishes that conclusory allegations (in a notice of removal) are insufficient to meet the defendant's burden of establishing the amount in controversy by a preponderance of the evidence. *Williams v. Best Buy*, 269 F.3d at 1319-1320 (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Allen v. R& H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) (concluding that removing defendant did not

6

meet burden of proving amount in controversy where it offered "nothing more than conclusory allegations"); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 255 (5th Cir. 1961) (stating that removing defendant must make "affirmative showing…of all the requisite factors of diversity jurisdiction). Assuming, *arguendo*, that Defendant had attempted to remove this case within 30 days of service of the initial pleading and as grounds for its removal with respect to the amount in controversy included conclusory statements such as "Plaintiff was hospitalized," "Plaintiff had a broken leg that was bad," or Plaintiff's general descriptions of her injuries as set forth in the Complaint, such an effort, given the clear "preponderance of the evidence" standard followed by this Circuit, would have been doomed to fail.

If the amount in controversy is not facially apparent from the Complaint, the court looks to the notice of the removal and any evidence submitted by the parties relevant to the amount in controversy at the time the case was removed. *Williams*, 269 F.3d at 1319. As is the case here, Plaintiff responded to Defendant's Requests for Admissions on or about November 21, 2007. Plaintiff denied each and every request for admission and denied that her damages were not in excess of $75,000.00. Within thirty days of receipt of Plaintiff's responses which for the first time indicated that Plaintiff's amount in controversy exceeded $75,000.00, Defendant filed its Notice of Removal.

### IV.    Conclusion

Plaintiff failed to timely file her motion for remand as required by 28 U.S.C. §1447(b). Further, even if Plaintiff's motion is considered, her motion to remand is due to be denied because Wal-Mart properly removed this case upon notice that this case met

the requirements for diversity jurisdiction under 28 U.S.C. § 1446(b) and 28 U.S.C. § 1441(b) and (c).

                                      /s/ Jennifer A. Doughty
                                      W. PEMBLE DELASHMET   (DELAW0873)
                                      CHAD C. MARCHAND        (MARCC5089)
                                      JENNIFER A. DOUGHTY     (DOUGJ5407)
                                      Attorneys for Defendant, Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-1578

## CERTIFICATE OF SERVICE

       I hereby certify that I have on this day February 8, 2008, filed the foregoing with the clerk of the court using the appropriate electronic system, which will send notice to the following counsel of record:

William Jemison Mims
Rachael Gilmer
Levin, Papantonio, Thomas, Mitchell, Echsner & Proctor, PA
P. O. Box 12308
Pensacola, FL  32591

Larry Givens
Cochran, Cherry, Givens, Smith, Lane & Taylor, P.C.
Post Office Box 927
Dothan, Alabama  36302

                                      /s/ Jennifer A. Doughty
                                      OF COUNSEL

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | |
|---|---|
| MARGARET WILLIAMS, | * |
| Plaintiff, | * |
| vs. | *     CASE NO. CV-07-114M |
| WAL-MART STORES INC., L.P., | * |
| Defendant. | * |

DEFENDANT'S FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant WAL-MART STORES EAST, L.P. ("Wal-Mart"), incorrectly identified in Plaintiff's Complaint as Wal-Mart Stores, Inc., pursuant to Alabama Rules of Civil Procedure 33 and 34 propounds the following discovery requests to Plaintiff to be answered within thirty (30) days.

DEFNITIONS

Unless otherwise indicated, the following definitions shall be applicable to these interrogatories:

"You" or "your" shall mean Plaintiff MARGARET WILLIAMS.

"Person" shall mean any individual, partnership, firm, association, corporation or other business, governmental or legal entity.

"Address" shall mean the street number, street, city and state of subject person, business or other entity.

"Identify" or "identification," when used with referenced to a document, shall mean to state its date, author or signer, his address, type of document and all other means of identifying it, and its present or last known location or custodian if any document was

# EXHIBIT A

but is no longer in your possession, custody or control, to state what disposition was made of it and the reason for its disposition.

"Document" shall mean any printed, typewritten, handwritten, photographic, taped, videotaped or otherwise recorded matter of whatever character, including, but not limited to, records, business records, telexes, logs, bulletins, publications, books, notices, booklets, pamphlets, charts, diagrams, bills, receipts, invoices, checks, accounting records, written reports, communications of any nature, interviews, records of any nature, contracts, bills of sale, letters, purchase orders, studies, tests, inspections, evaluations, manuals, rules, standards, regulations, policies, guidelines, warnings, instructions, memoranda, correspondence, notebooks, telegrams, notes, catalogues, diaries, calendars, office communications, reports, statements, brochures, announcements, photographs, videotapes, transcripts of telephone conversations, meetings and interviews, electronic data, computer programs and data files, and photographic or other copies of any such material if plaintiffs does not have custody or control of the original. The mention of any specific documents in any of the below stated requests shall not be interpreted to limit in any way the above stated broad, all inclusive definition of the term document. Also, if any document requested to be produced was, but is no longer, in your possession or control or is no longer in existence, state whether it is: (a) missing or lost, (b) destroyed, (c) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise disposed of; and in each instance explain the circumstances surrounding and the authorization for such disposition thereof and state the approximate date thereof. Also, you are required to produce not only those documents in your custody, but also those documents in your attorney's custody or control and/or which can be obtained by you.

2

As regards to each document (or other physical or tangible evidence) withheld on the basis of any privilege (including the attorney-client privilege or the work product doctrine), please provide sufficient information to allow proof or a challenge of the privilege (this information should include a description of the document, its date and the identity of its author and others who have seen it, the purpose for which it was created, and the degree of confidentiality with which it is to be treated).

## INSTRUCTIONS

In answering these interrogatories and requests for production, you are required to furnish all information available, including information in the possession of your attorney or any person acting on your behalf, and not merely such information as is known of your own personal knowledge. If you cannot answer any particular interrogatory or interrogatories in full, after exercising due diligence to secure the information sought, so state and answer to the extent possible, specifying your inability to answer the remainder.

You are under a duty to supplement your responses to these discovery requests to include information thereafter acquired with respect to any question addressed to:

    a.    The identity and location of persons having knowledge of discoverable matters;

    b.    The identity of any person expected to be called as an expert witness at the trial of this matter, the subject matter on which he or she is expected to testify and the substance of his or her testimony;

    c.    Responses must be amended if information is later obtained upon the basis of which you learn:

        i.    That the response was incorrect when made; or

        ii.        That, although correct when made, the responses are no longer true, such that a failure to amend the response is, in substance, a knowing concealment.

Any such supplemental response is to be filed and served upon counsel of record for the Plaintiff within fifteen (15) days after receipt of such information.

## INTERROGATORIES

1. Please identify yourself fully, stating your full legal name and/or any other names you have ever used at any time, age, date of birth, social security number, driver's license number and state of issuance, and residence address.

**RESPONSE:**

2. For each and every job or position of employment, including self-employment, which you held from 1997 until the date of your answering these interrogatories, list each such job and position and, for each, state the employer's name and address, the beginning and ending dates of employment, the job or position held, your duties, the name of your immediate supervisor, your hourly wages or weekly salary, and your average gross yearly earnings.

**RESPONSE:**

3. If you or anyone acting on your behalf, has made any claim of any kind or type for physical or mental injury or disability against or with any individual or corporation and/or with a municipal, state or federal government entity within the last

4

fifteen (15) years, including but not limited to any claim arising from the incident in question, number and list each such claim and state the date on which the claim was made, the person or organization to or against whom the claim was made, the factual basis for the claim being made, the court or commission (if any) before which the claim was pending or was determined, and the result of the claim having been made.

**RESPONSE:**

4.  State in complete and specific details how the incident that formed the basis for your complaint in this matter occurred, including but not limited to, all locations where the pertinent event(s) took place and the actions of any and all persons involved or in the area.

**RESPONSE:**

5.  If you contend that Wal-Mart and/or any of its employees, agents and/or representatives violated any laws, statutes, regulations or standards of any type, with respect to the accident that is the subject of your Complaint, please state in detail each and every fact on which you base your contention.

**RESPONSE:**

6.  If you or anyone else contends, believes or may testify that at any time Wal-Mart and/or any of its employees, agents or representatives made any statement (oral or written), admission (tacit or otherwise), or comment pertaining to the incident in question, including its cause, state the exact words of any such statement, admission or

comment, how it was made, the circumstances under which it was made, the date and time on which it was made, the person or persons to whom it was made and the response, if any, to it by any other person or party.

**RESPONSE:**


7.    List in detail each and every injury you allegedly suffered as a result of the incident alleged in your Complaint and, for each, the healthcare provider(s) who has or is providing treatment for such injury.

**RESPONSE:**


8.    Describe in detail each and every fact upon which you base your contention that Plaintiff is entitled to damages as alleged in Plaintiff's Complaint.

**RESPONSE:**


9.    If anyone has conducted any sort of investigation, including interviews, into this matter on your behalf, please identify the person(s) conducting the investigation, as well as any and all persons contacted by such investigators and please state what each of the person(s) contacted contributed to any such investigation and/or interview, as well as whether a written report was prepared of each such investigation and the custodian of any such report.

**RESPONSE:**

10. Please identify by name, address, and telephone number any and all individuals having any knowledge of the incident made the basis of this lawsuit or the damages claimed in this lawsuit, and for each such individual, please state the substance and source of their knowledge.

**RESPONSE:**


11. If you intend to call any expert witnesses in this case, please identify in accordance with Alabama Rule of Civil Procedure 26 each such expert witness by name, residence address, name of employer, employment address, education and practical experience; state the subject matter on which each expert witness is expected to testify; state the substance of the facts and opinions to which the expert is expected to testify; give a summary of the grounds for each opinion of each expert; and attach a copy of his or her Curriculum Vitae or other written form of credentials.

**RESPONSE:**


12. If you are claiming to have suffered mental and/or emotional injuries as a result of the incident made the basis of this lawsuit, please state the nature of each of those individual injuries and what you believe to be the cause of each of them.

**RESPONSE:**


13. List and describe each and every daily activity which you contend you have been unable to perform since the incident made the basis of your complaint.

**RESPONSE:**

14. If you have seen, been examined by, or received any treatment or medical advice from any health care provider in the last fifteen (15) years, state the name and address of each such provider you who you saw, who examined you, or who provided any treatment or medical advice and/or the facility where it occurred.

**RESPONSE:**

15. If at the time of the accident referred to in the Complaint, there was in existence or you were in any way covered by hospitalization or medical insurance, please state the name of the insurance carrier. Further, please state the amount paid by said insurance alleged to have been received pursuant to the accident referred to in the Complaint and whether said insurance carrier is subrogated to any part of your claim against these defendants.

**RESPONSE:**

16. Please provide the name, address, phone number, and a detailed description of the expected testimony for each witness you expect to call at the trial of this matter.

**RESPONSE:**

### REQUESTS FOR PRODUCTION

Please produce for inspection and copying the following documents or things:

1.  Attach your answers to these interrogatories in a written itemized list of any and all bills or other documents (including, but not limited to, medical and lost wages) which you contend you incurred as a result of the incident referred to in your Complaint.

**RESPONSE:**

2.  Provide any photographs or videotapes which relate in any fashion to this lawsuit, identifying the dates on which said photographs were taken or videotapes recorded, and the photographer or videographer of each.

**RESPONSE:**

3.  Produce true, complete copies of all medical bills and/or records, hospital bills and/or records, ambulance bills and/or records, drug bills and/or records, doctor bills and/or records, x-ray bills and/or records, and any and every other document which relate in any way to damages allegedly resulting from the incident referred to in the Complaint.

**RESPONSE:**

4.  Produce any and all documents, whether written or otherwise, identified in your interrogatory responses above, and as to each such item, please state the number of the interrogatory response with which it is associated.

**RESPONSE:**

5.  Produce all documents, tangible evidence, and photographs which you and

your attorneys intend to use, refer to, or offer as evidence at the trial of this matter.

**RESPONSE:**


6. Produce any and all of your medical records made or generated by any physician and/or health care provider within the last fifteen (15) years.

**RESPONSE:**


7. Produce any and all documents which you contend support your allegations of the damages alleged in your Complaint since the date of the incident made the basis of your Complaint.

**RESPONSE:**


8. Produce any and all documents which you contend support your allegations that Wal-Mart or any of its agents, employees, or representatives violated any laws, statutes, regulations, or standards, of any type, with respect to the incident that is the subject of your Complaint.

**RESPONSE:**


9. Produce any and all documents which you contend support your allegations that Wal-Mart "allowed an unsafe and unreasonably dangerous condition to exist on the premises in that Defendants failed to clean up the substance believed to be water that was left on the floor at the front of the store where Plaintiff was walking therefore creating a dangerous condition" as alleged in paragraph 6 of Plaintiff's

Complaint.

**RESPONSE:**

10. Produce any and all documents which you contend support your allegations that Wal-Mart "negligently and/or wantonly breached said duty" as alleged in paragraph 7 of Plaintiff's Complaint.

**RESPONSE:**

11. Provide each and every document upon which you base your contention that Plaintiff is entitled to damages as alleged in Plaintiff's Complaint.

**RESPONSE:**

12. Produce any and all documents which support your allegation that you suffered mental anguish as a result of the incident made the basis of this suit.

**RESPONSE:**

Respectfully submitted,

_____
W. PEMBLE DELASHMET    (DEL010)
CHAD C. MARCHAND       (MAR136)
Attorneys for Defendant, Wal-Mart Stores East, LP

**OF COUNSEL:**

DeLashmet & Marchand, P.C.
Post Office Box 2047
Mobile, AL 36652
Telephone:   (251) 433-1577
Facsimile:   (251) 433-1578

## CERTIFICATE OF SERVICE

  I hereby certify that I have on this the 10th day of October, 2007, served a true and correct copy of the above and foregoing document on all counsel and parties of record, by placing a copy of same in the United States Mail, postage prepaid and properly addressed as follows:

William Jemison Mims
F. Jerome Tapley
Levin, Papatonio, Thomas, Mitchell, Echsner & Proctor, P.A.
316 South Baylen Street
Pensacola, Florida 32501

_____
OF COUNSEL