IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA,
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARGARET WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | CASE NO. 1:07CV1108-MHT |
| | § | |
| v. | § | |
| | § | |
| WAL-MART STORES, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REPLY TO DEFENDNT'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND**

Plaintiff submits this reply only to address the defendant's assertion the Motion to Remand was not timely. As mentioned by the defendant in its footnote number two, an amended Notice of Removal was filed on January 11, 2008. (See doc. No. 6). The plaintiff's motion to remand is timely as to that filing and it is that filing which creates the operative time from which the plaintiff must file her Motion to Remand. As with an amended complaint, the amended notice of removal replaces the original. Clearly, it is the right of the plaintiff to respond to the defendant's most recent manifestation of its intent to remove. Absent that right, a removing party could simply file a notice of removal, wait for the opposing party to submit a motion to remand, and then amend its notice to its benefit leaving the plaintiff no recourse.

Not surprisingly, there does not appear to be a great deal of case law touching upon this situation. However, guidance may be garnered from *Cades v. H & R Block Incorporated*, 43 F.3d 869 (C.A 4th, 1994) wherein the court addressed timing issues as to a motion to remand. In doing so, the court based its consideration of time from the amended notice, not the original notice.

> Cades did not object to the amended notice of removal until nearly three months after the defendants filed the amended notice. We agree with the district court that, even assuming the amended notice of removal was filed late, Cade's objection was untimely.

*Id.* at 873.

The *Cades* court properly used the amended notice of appeal as its point of reference in considering the timeliness of the motion to remand. Obviously, three months is too long, fourteen days is not.

WHERFORE, in light of the foregoing and the Motion to Remand previously filed, Plaintiff respectfully asks this Honorable Court to Grant such motion and remand this matter to state court.

Dated: February 8, 2008

COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.

/s/ Larry Givens
Larry Givens(Giv012)
**ASB No: ASB-9077-N50L**
P. O. Box 927
Dothan, AL 36302
(334) 793-1555 – Phone
(334) 836-2500 – Facsimile

2

**CERTIFICATE OF SERVICE**

  I hereby certify that on February 8, 2008, I electronically filed the foregoing Plaintiff's Initial Disclosures with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to:

Wm. Jemison Mims
316 S. Baylen Street, Ste. 600
Pensacola, FL 32526
jmims@levinlaw.com

W. Pemble DeLashmet
DeLashmet & Marchand, P.C.
P.O. Box 2047
Mobile, AL 36652
wpd@delmar-law.com

Jennifer Allen Doughty
DeLashmet & Marchand, P.C.
jad@delmar-law.com

Chad Christopher Marchand
DeLashmet & Marchand, P.C.
ccm@delmar-law.com

             /s/ Larry Givens
             **LARRY GIVENS**