IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
MARGARET WILLIAMS,          )
                            )
        Plaintiff,          )
                            )        CIVIL ACTION NO.
        v.                  )        1:07cv1108-MHT
                            )            (WO)
WAL-MART STORES, INC.,      )
                            )
        Defendant.          )
```

OPINION AND ORDER

In this slip-and-fall lawsuit, plaintiff Margaret Williams charges defendant Wal-Mart Stores, Inc. with negligence and wantonness. Williams removed this lawsuit from state court to federal court based on diversity-of-citizenship jurisdiction. 28 U.S.C. §§ 1332, 1441. This lawsuit is now before the court on Williams's motion to remand. Williams contends that removal is improper because Wal-Mart did not file a timely notice of removal pursuant to 28 U.S.C. § 1446(b). For the reasons that follow, the court concludes that Williams's motion should be denied.

## I.  BACKGROUND

Because whether the parties acted timely is at issue, the relevant events are listed in chronological order as follows:

March 11, 2007: Williams was injured when she slipped and fell near the exit of a Wal-Mart Store in Geneva, Alabama.

March 12: Wal-Mart was informed that Williams's fall resulted in hospitalization and a badly broken leg.

August 16: Williams sued Wal-Mart in state court for negligence and wantonness.

September 11: Wal-Mart was served with Williams's complaint and a summons.

October 10: Wal-Mart answered Williams's complaint in state court.

November 21: Wal-Mart received Williams's responses to its requests for admissions in which she denied that the amount in controversy did not exceed $ 75,000.00 exclusive of interest and costs.

December 20:  Wal-Mart removed this case to federal court, asserting that there is diversity jurisdiction because the parties are from different States and because it had learned for the first time, with Williams's November 21 answers to requests for admissions, that the jurisdictional amount of $ 75,000.00 was satisfied.

January 3, 2008:  This court issued an order for Wal-Mart to amend the December 20 notice of removal because the court could not tell from it whether the parties had, in fact, diverse citizenship.[1]

---

1. In its January 3 order, the court stated that the December 20 notice of removal was inadequate for two reasons.  First, the court explained that:

> "The notice appears to give the 'residence' rather than the 'citizenship' of plaintiff.  An allegation that a party is a 'resident' of, that is, has her 'principal address' in, a State is not sufficient to establish that a party is a 'citizen' of that State.  Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971)."

Second, the court stated that:

(continued...)

3

January 11: Wal-Mart amended its notice of removal to cure the defect found by the court in its January 3 order.

---

1.    (...continued)

"The notice of removal is also insufficient because it does not indicate the citizenship of defendant; indeed, it is unclear whether the defendant is a corporation or a partnership. If the entity is a corporation, then the notice must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business. 28 U.S.C.A. § 1332(c)(2); American Motorist Insur. Co. v. American Employers' Insur. Co., 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam). If the entity is a partnership, the notice must indicate the citizenship of the individual partners, both general and limited. Carden v. Arkoma Associates, 494 U.S. 185, 110 S.Ct. 1015 (1990)."

Order entered on January 3, 2007 (Doc. No. 3). The court then gave Wal-Mart until January 22, 2008, to amend and cure the removal notice pursuant to 28 U.S.C. § 1653, which provides that, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."

January 25: Williams moved to remand this lawsuit back to state court. Williams argued that the notice of removal was not timely.

February 8: Wal-Mart responded that not only was it removal notice timely, but that Williams's remand motion was itself not timely.

## II. GENERAL REMOVAL-AND-REMAND STANDARDS

A civil action brought in state court may be removed by a defendant to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The party seeking removal has, under 28 U.S.C. § 1446, the burden of establishing jurisdiction. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). Typically, removal is premised either on federal-question jurisdiction or diversity-of-citizenship jurisdiction. Federal-question jurisdiction exists when the civil action arises under the Constitution, laws, or treaties of the United States. 28

U.S.C. § 1331.   Diversity-of-citizenship jurisdiction exist when the amount in controversy exceeds $ 75,000, exclusive of interest and costs, and the plaintiff and the defendant are citizens of different States.   28 U.S.C. § 1332(a).

Generally, the notice of removal must "be filed within thirty days after the receipt by the defendant ... of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."   28 U.S.C. § 1446(b).[2]   If a case cannot be

---

2.   Section 1446(b) provides, in part, that:

> "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> "If the case stated by the initial
> (continued...)

determined to be removable from the face of the initial complaint, "a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

After removal, a party may move to remand to state court on the basis of any defect in the removal, including lack of subject-matter jurisdiction. 28 U.S.C. § 1447(c).[3] A motion based on a removal defect must be

---

2. (...continued)
pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable ...."

28 U.S.C. § 1446(b).

3. Section 1447(c) provides that:

"A motion to remand the case on the basis of any defect other than lack of
(continued...)

made within 30 days after the filing of the notice of removal.  Id.  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id.

### III.  DISCUSSION

#### A.  Timeliness of Motion to Remand

The first question the court will address is whether Williams's remand motion, in which she contends that Wal-Mart's original removal notice is untimely, is itself

---

3.    (...continued)
      subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

28 U.S.C. § 1447(c)

untimely under § 1447(c) because it was filed more than 30 days after the original notice of removal.

As shown above, Wal-Mart filed its original notice of removal on December 20, 2007, and filed an amended notice on January 11, 2008; Williams then filed her motion to remand on January 25, 2008. If 28 U.S.C. § 1447(c)'s 30-day time period for filing a remand motion is measured from the December 20 filing of Wal-Mart's original removal notice, then Williams's January 25 remand motion would be untimely because it would have been filed 36 days after the filing of the original removal notice; however, if the 30-day period is measured from the January 11 filing of Wal-Mart's amended removal notice, then Williams's January 25 remand motion would be timely because it would have been filed 14 days after the filing of the amended removal notice.

Section 1447(c)'s language is explicit that, "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be

made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c).  Original and amended notices of removal constitute removal notices; indeed, Wal-Mart labeled both as such here.  Therefore, with the filing of an amended removal notice, the 30-day period for filing a remand motion should, in general, begin again.[4]  (Of course, if a removing defendant wanted the 30-day clock for the filing of a remand motion not to restart, the defendant should make sure that its original notice of removal is adequate and thus there would be no need to file an amended one.)

Here, both Wal-Mart's original and amended notices of removal constituted removal notices.  The notices were, however, filed on different days.  Because the notices were filed on different days, each had a different date

_____

4.  The court states that this legal proposition applies 'in general' because the court has found almost no cases that directly address this issue, and thus the court has not had the opportunity to ponder all the circumstances, or even many other circumstances, that might arise where the original and amended removal notices were filed on separate days.

10

for the beginning of the 30-day period for the filing of a remand motion, with the result that, with Wal-Mart's filing of its amended removal notice, Williams had another 30-day time period to file a remand motion. Because Williams's motion to remand was filed within 14 days of Wal-Mart's amended notice of removal, the motion was timely.[5]

---

5.  The court need not address whether Wal-Mart's original and amended removal notices are "pleadings" and whether a civil rule could extend a statutory time period so that Fed.R.Civ.P. 15 ("Amended and Supplemental Pleadings") could apply to § 1447(c)'s 30-day time limitation.  This rule provides, in part, that:

> "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 10 days after service of the amended pleading, whichever is later."

Fed.R.Civ.P. 15(a)(3).  However, even if this rule were to apply, Williams's remand motion would meet its requirements and thus would still be timely.

11

### B.   Timeliness of Notice of Removal

Moreover, regardless as to whether Williams's motion to remand was timely, the result would be the same, for the motion lacks merit.

As stated, § 1446(b) addresses when an action is removable, "setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.' [28 U.S.C.] § 1446(b)." Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 (11th Cir. 2007). "Regardless of the type of case, a defendant must remove within thirty days of receiving the document that provides the basis for removal. § 1446(b)." Id. at 1212-13.

Under the first type of case, "a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements." Id. at 1213 n.63. Under the second type,

"a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists. § 1446(b)." Id. Under either type of case, "the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction." Id.

With her motion to remand, Williams contends that Wal-Mart's notice of removal failed to meet § 1446(b)'s 30-day requirement because the notice was not filed until December 20, 2007, over three months after the date, September 11, 2007, that Wal-Mart was served with the state-court summons and complaint. More specifically, Williams argues that this case falls within the first type of § 1446(b) case because Wal-Mart could have ascertained that the case was removable on the basis of

13

the allegations in the initial complaint.  It is well-established that, "in the removal context where damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." <u>Lowery</u>, 483 F.3d at 1208.  This burden can be met on the basis of the complaint only if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." <u>Williams</u>, 269 F.3d at 1319.  Indeed, the Eleventh Circuit Court of Appeals has cautioned that, because, "[u]nlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of the plaintiff's claims, ... it is highly questionable whether a defendant could ever file a notice of removal on diversity grounds ... where the defendant ... has only bare pleadings containing unspecified damages on which to base its notice." <u>Lowery</u>, 483 F.3d at 1213 n.63.

14

Williams's complaint contained only unspecified damages; it stated only that she was damaged and injured by Wal-Mart's conduct, and it then listed her injuries as including a comminuted fracture in her leg and other injuries to the femur, a fracture to her right hip, and injuries to her right shoulder that would require surgery.[6]  In spite of the relatively detailed listing of

---

6.   Williams's complaint stated, in part:

"(a) Plaintiff was caused to suffer injuries to her right knee, a comminuted fracture involving the proximal shafts of her right femur with angulation, displacement and fragmentation, and a fracture to her right hip at the femoral neck;

"(b) Plaintiff was caused to suffer injuries to her right shoulder, such injuries will require surgical intervention;

"(c) Plaintiff was caused and will be caused in the future to suffer physical pain, permanent injury and mental anguish as a result of the injuries she has sustained; and

"(d) Plaintiff was caused to incur medical expenses in and about an effort
(continued...)

her injuries, the amount in controversy is not facially apparent from the complaint.

Under these circumstances, with only unspecified damages in Williams's complaint, Wal-Mart had no basis to remove Williams's lawsuit based solely on her complaint. See, e.g., Lowery, 483 F.3d at 1219 (declining removal on the basis of the complaint because the court found "no unambiguous statement on the face of the amended complaint that would be sufficient to establish that plaintiffs' claims potentially exceeded" the jurisdictional minimum); Bankhead v. American Suzuki, ___ F.Supp.2d ___, ___, 2008 WL 96095, at *2 (M.D. Ala. Jan. 7, 2008) (Thompson, J.) ("Bankhead has alleged four common-law claims, but his complaint is nowhere near specific enough as to the duration, extent, severity, or kinds of harms alleged such that this court could determine by a preponderance of the evidence the value of

_____

6.   (...continued)
     to cure and treat her injuries."

Complaint (Doc. No. 1), at 4, ¶ 9.

16

such claims, were he to prevail.  Therefore, the amount in controversy is not facially apparent from the complaint."); Channell v. Nutrition Distribution, LLC, 2008 WL 220934, at *1 (M.D. Ala. Jan. 25, 2008) (Thompson, J.) (in remanding case removed based on diversity jurisdiction, the court "emphasized that all [it] has before it are [plaintiff]'s pleadings containing unspecified damages").

Williams also contends that Wal-Mart could have ascertained that the case was removable on March 12, 2007, prior to the filing of the lawsuit in state court, when the company was informed that she had been hospitalized because of a broken leg that was "bad." However, Wal-Mart's general knowledge of Williams's hospitalization and the fact that her broken leg was "bad" is even less enlightening than her complaint as to whether her injuries potentially exceeded the jurisdictional minimum.  Wal-Mart could not have ascertained from this mere evidence of Williams's

17

hospitalization and her broken leg that the amount in controversy exceeded $ 75,000.

Instead, the court agrees with Wal-Mart that its December 20, 2007, removal notice meets § 1446(b) 30-day requirement because it did not learn that the amount in controversy was greater than $ 75,000 until it received responses to its requests for admissions on November 21, 2007. Thus, according to Wal-Mart, its removal notice falls within § 1446(b)'s second type of case.

As stated, under the second type, "a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists. § 1446(b)." Lowery, 483 F.3d at 1213 n.63 (emphasis added). "[T]he documents received by the defendant must contain an unambiguous statement that clearly establishes federal

18

jurisdiction."  Id.    Here, the admission responses constituted "other paper" within the meaning of § 1446(b), see id. at 1212 n.62 ("Courts have not articulated a single test for identifying "other paper," but numerous types of documents have been held to qualify.  They include: responses to request for admissions."); the responses were received from Williams; and Wal-Mart's receipt of the responses was the 'first time' it had 'unambiguous' evidence that the jurisdictional amount was met.

Because the date Wal-Mart removed this case to federal court (December 20, 2007) is within 30 days of the date it received the admission responses and ascertained for the first time the amount in controversy (November 21, 2007), its notice of removal was timely under § 1446(b).

***

19

Accordingly, it is ORDERED that plaintiff Margaret Williams's motion to remand (doc. no. 13) is denied.

DONE, this the 15th day of February, 2008.

       /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE

A copy of this checklist is available at the website for the USCA, 11th Circuit at www.ca11.uscourts.gov
Effective on April 9, 2006, the new fee to file an appeal will increase from $255.00 to $455.00.

## CIVIL APPEALS JURISDICTION CHECKLIST

1.  **Appealable Orders:** Courts of Appeals have jurisdiction conferred and strictly limited by statute:

    (a)  **Appeals from final orders pursuant to 28 U.S.C. § 1291:** Only final orders and judgments of district courts, or final orders of bankruptcy courts which have been appealed to and fully resolved by a district court under 28 U.S.C.§ 158, generally are appealable. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Pitney Bowes, Inc. v. Mestre, 701 F.2d 1 365, 1 368 ( 11th Ci r. 1 983). A magistrate judge's report and recommendation is not final and appealable until judgment thereon is entered by a district court judge. 28 U.S.C. § 636(c).

    (b)  **In cases involving multiple parties or multiple claims,** a judgment as to fewer than all parties or all claims is not a final, appealable decision unless the district court has certified the judgment for immediate review under Fed.R.Civ.P. 54(b). Williams v. Bishop, 732 F.2d 885, 885- 86 (11th Cir. 1984). A judg ment which resolves all issues except matters, such as attorneys' fees and costs, that are collateral to the merits, is immediately appealable. Budinich v. Becton Dickinson & Co., 486 U.S.196, 201, 108 S.Ct. 1717, 1721-22, 100 L .Ed.2d 178 (1988); LaChance v. Duffy's Draft House, Inc., 146 F.3d 832, 837 (11th Cir. 1998).

    (c)  **Appeals pursuant to 28 U.S.C. § 1292(a):** Appeals are permitted from orders "granting, continuing, modifying, refusing or dissolving injunctions or refusing to dissolve or modify injunctions . . ." and from "[i]nterlocutory decrees . . . determining the rights and liabilities of parties to admiralty cases in which appeals from final decrees are allowed." Interlocutory appeals from orders denying temporary restraining orders are not permitted.

    (d)  **Appeals pursuant to 28 U.S.C. § 1292(b) and Fed.R.App.P. 5**: The certification specified in 28 U.S.C. § 1292(b) must be obtained before a petition for permission to appeal is filed in the Court of Appeals. The district court's denial of a motion for certification is not itself appealable.

    (e)  **Appeals pursuant to judicially created exceptions to the finality rule:** Limited exceptions are discussed in cases including, but not limited to: Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546, 69S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949); Atlantic Fed. Sav. & Loan Ass'n v. Blythe Eastman Paine Webber, Inc., 890 F.2d 371, 376 (11th Cir. 1989); Gillespie v. United States Steel Corp., 379 U.S. 148, 157, 85 S.Ct. 308, 312, 13 L.Ed.2d 199 (1964).

Rev.: 4/04

2.  **Time for Filing**: The timely filing of a notice of appeal is mandatory and jurisdictional. Rinaldo v. Corbett, 256 F.3d 1276, 1278 (11th Cir. 2001). In civil cases, Fed.R.App.P. 4(a) and (c) set the following time limits:

(a)  **Fed.R.App.P. 4(a)(1):** A notice of appeal in compliance with the requirements set forth in Fed.R.App.P. 3 must be filed in the district court within 30 days after the entry of the order or judgment appealed from. However, if the United States or an officer or agency thereof is a party, the notice of appeal must be filed in the district court within 60 days after such entry. **THE NOTICE MUST BE RECEIVED AND FILED IN THE DISTRICT COURT NO LATER THAN THE LAST DAY OF THE APPEAL PERIOD – no additional days are provided for mailing.** Special filing provisions for inmates are discussed below.

(b)  **Fed.R.App.P. 4(a)(3):** "If one party timely files a notice of appeal, any other party may file a notice of appeal within 14 days after the date when the first notice was filed, or within the time otherwise prescribed by this Rule 4(a), whichever period ends later."

(c)  **Fed.R.App.P. 4(a)(4):** If any party makes a timely motion in the district court under the Federal Rules of Civil Procedure of a type specified in this rule, the time for appeal for all parties runs from the date of entry of the order disposing of the last such timely filed motion.

(d)  **Fed.R.App.P. 4(a)(5) and 4(a)(6):** Under certain limited circumstances, the district court may extend the time to file a notice of appeal. Under Rule 4(a)(5), the time may be extended if a motion for an extension is filed within 30 days after expiration of the time otherwise provided to file a notice of appeal, upon a showing of excusable neglect or good cause. Under Rule 4(a)(6), the time may be extended if the district court finds upon motion that a party did not timely receive notice of the entry of the judgment or order, and that no party would be prejudiced by an extension.

(e)  **Fed.R.App.P. 4(c):** If an inmate confined to an institution files a notice of appeal in either a civil case or a criminal case, the notice of appeal is timely if it is deposited in the institution's internal mail system on or before the last day for filing. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

3.  **Format of the notice of appeal:** Form 1, Appendix of Forms to the Federal Rules of Appellate Procedure, is a suitable format. See also Fed.R.App.P. 3(c). A pro se notice of appeal must be signed by the appellant.

4.  **Effect of a notice of appeal:** A district court loses jurisdiction (authority) to act after the filing of a timely notice of appeal, except for actions in aid of appellate jurisdiction or to rule on a timely motion of the type specified in Fed.R.App.P. 4(a)(4).